

09-CV-05409-CMP

FILED ENTERED LODGED RECEIVED

JUL 08 2009 LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

Received From
SEATTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND T. BALVAGE and DEBORAH A. BALVAGE, husband and wife, and CHARLES E. WEAVER and SUSAN M. WEAVER, husband and wife, on their own behalf and on behalf of a class of similarly situated individuals,

v.

RYDERWOOD IMPROVEMENT AND SERVICE ASSOCIATION, INC., a Washington non-profit corporation,

Defendant.

NO. C09-5409 BHS

**COMPLAINT—CLASS ACTION FOR VIOLATION OF FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS**

Plaintiffs Raymond T. Balvage and Deborah A. Balvage, husband and wife, and Charles E. and Susan M. Weaver, husband and wife, individually and on behalf of their marital communities ("Plaintiffs"), and on behalf of a class of similarly situated individuals (the "Class"), allege and state as follows:

## I. PARTIES

1. Plaintiffs Raymond T. Balvage and Deborah A. Balvage are husband and wife and own property in Ryderwood specifically described as "Lot 9, Block 17, Ryderwood No. 1, according to the plat thereof, recorded in Volume 8 of plats, page 54, records of Cowlitz County, Washington. Together with that portion of vacated Third Street which attaches by Order of Vacation under Resolution No. 98-028 under AF #3012253." All actions alleged

ORIGINAL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Summ. Iss. SBA 27435

herein were taken by the Balvages on their behalf individually and on behalf of their marital community.

2. Plaintiffs Charles E. Weaver and Susan M. Weaver are husband and wife and own property in Ryderwood specifically described as "Lot 6, Block 17 of Subdivision; Plat of Ryderwood No. 1, Volume 8, page 54, Assessor Tax Parcel No. WN0320237 situated in the County of Cowlitz." All actions alleged herein were taken by the Weavers on their behalf individually and on behalf of their marital community.

3. Defendant Ryderwood Improvement Service Association, Inc. ("RISA") is a non-profit corporation, which is incorporated in Washington and does business in Cowlitz County, Washington. All actions and conduct described herein as taken by or conducted by RISA also includes the actions and conduct by or of RISA's officers, members and other representatives.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over the parties and issues involved in this lawsuit. Subject matter jurisdiction exists under 28 U.S.C. Section 1331 and otherwise since this case involves substantial issues of federal law, including relating to violations of the federal Fair Housing Act as stated below. The Court also has supplemental jurisdiction over the state law and other claims asserted in this Complaint. Defendant RISA resides in and conducts business in Cowlitz County, Washington. Plaintiffs and the Class members reside in or own real property in Cowlitz County, Washington.

5. Venue is proper in this Court under 28 U.S.C. Section 1391 since defendant resides in this judicial district, the events giving rise to the claims stated herein occurred in this judicial district, real property which is the subject of this action is situated in this judicial district, and other reasons.

## III. FACTS

6. Ryderwood is a residential community located in Cowlitz County, Washington.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

7. In the 1950's, Senior Estates, Inc. ("Senior Estates") developed certain parcels within Ryderwood. The Class is composed of owners or residents of some of these parcels.

8. Attached to the deed of each of the Senior Estates' parcels were certain covenants, conditions and reservations ("CC&Rs"). These CC&Rs expired by their own terms on July 1, 1975.

9. The CC&Rs imposed by Senior Estates on those parcels that it developed prior to 1970 provide that one purpose of the development was to create a "community to be occupied by and for the use and benefit of persons who are bona fide recipients of a pension or retirement annuity."

10. In 1953, Senior Estates formed RISA to manage certain services for the Ryderwood community. Membership in RISA is voluntary.

11. By 1975, the water, sewer and garbage facilities maintained by RISA had deteriorated to the point that they posed a serious health and safety hazard to the residents. Ryderwood residents successfully petitioned Cowlitz County to form a Utility Limited Improvement District. As a result, RISA no longer could fulfill its stated purposes.

12. On July 1, 1975, the CC&Rs for those parcels developed and sold by Senior Estates prior to 1970 expired.

13. On August 14, 1975, RISA's Board adopted new By-laws that set forth, in substance, the expired CC&Rs (the "Subject By-laws"). Also on August 14, 1975, RISA filed the Subject By-laws with the County Auditor.

14. RISA obtained from certain parcel owners a document agreeing that the CC&Rs contained in the By-laws would "be a permanent part and encumbrance on said deed" that could be removed "only by the consent of both the owners of record" and RISA (which document is referred to herein as the "Enforcement Agreement").

15. None of the Plaintiffs or Class members (or their predecessors-in-interest) signed an Enforcement Agreement.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

16. Since August 14, 1975, RISA has sought to enforce the CC&Rs contained in its By-laws against all parcel owners in Ryderwood, regardless of whether RISA obtained an Enforcement Agreement from that parcel owner, and RISA has relied on the Subject By-laws as a basis for compelling Plaintiffs and Class members to not sell their real property or otherwise not act inconsistent with RISA's goals of discrimination on the basis of familial status.

17. Plaintiffs and the Class members have withdrawn and resigned from their membership in RISA. However, RISA continues to bill Plaintiffs and the Class members for certain fees.

18. RISA has filed liens against the properties of Plaintiffs and Class members for unpaid fees, even though they withdrew and resigned from RISA.

19. In addition to setting forth the substance of certain Senior Estate CC&Rs, RISA adopted rules for the ownership or purchase of a home in Ryderwood.

20. RISA's rules provide that the owner or purchaser must be "a bona-fide recipient of an annuity or a pension;" that such person "must not be less than fifty-five years of age"; and that there must be "no additional, permanent occupants of the home (other than the spouse) who do not meet the above requirements."

21. RISA controls the sale of property within Ryderwood and engages in conduct to limits sales to persons who are 55 years of age or older and have no family members less than 18 years old.

22. The federal Fair Housing Act prohibits discrimination based on familial status. "Familial status" generally refers to families having one or more persons who have not attained the age of 18 years. Prohibited conduct under the Fair Housing Act is described in 42 U.S.C. § 3601, *et seq.* and related federal regulations.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

23. RISA presently engages in conduct and in the past has repeatedly engaged in conduct which violates and is prohibited by the Fair Housing Act and related federal regulations. The following are examples of such prohibited conduct.

24. Under the Fair Housing Act and related federal regulations, it is unlawful to engage in any conduct relating to the providing of housing which makes dwellings unavailable or denies dwellings to persons because of familial status. RISA presently engages in such conduct and has done so for numerous years.

25. Based on the Fair Housing Act and related federal regulations, it is unlawful for RISA to make, print or publish any notices, statements or advertisements with respect to the sale of dwellings that indicates preferences, limitations or discrimination because of familial status or an intent to make such preference, limitation or discrimination. RISA does this presently and has done so for numerous years.

26. Under the Fair Housing Act and related federal regulations, it is unlawful to provide inaccurate or untrue information about the availability of dwellings for sale because of familial status, or to enforce purported covenants or deed provisions which preclude the sale of dwellings due to familial status. RISA does this presently and has done this for numerous years. For example, RISA represents to real estate agents and escrow companies that Ryderwood's age restrictions are applicable and legal.

27. Under the Fair Housing Act and related federal regulations, it is illegal to enforce covenants in order to preclude the sale of property based on familial status. RISA does this presently and has done this for numerous years.

28. Under the Fair Housing Act and related federal regulations, it is illegal to threaten, intimidate or interfere with any person in their enjoyment of their dwelling because of their familial status. RISA does this presently and has done this for numerous years. For example, RISA refused to permit Charles Weaver's son to reside with him, even though he shared joint custody of him with his former wife. As another example, RISA forced the son of

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

a Class member to not live in Ryderwood after he had been caring for a Class member after bypass surgery.

29. An exemption exists for the compliance with certain aspects of the Fair Housing Act based on the Housing for Older Persons Amendment ("HOPA"), as stated in 42 U.S.C. § 3607 and related federal regulations. HOPA and related federal regulations set forth strict requirements for compliance with HOPA.

30. RISA is not presently and has never been compliant with the requirements of HOPA.

31. The Department of Housing and Urban Development, RISA Board members, counsel for RISA, and others have repeatedly told RISA it is not compliant with HOPA. Even after these notifications, RISA has continued to engage in conduct in violation of the Fair Housing Act and related federal regulations.

32. For example, in order for a 55 and older community to qualify for the HOPA exemption to the FHA, it must adopt, publish, and adhere to policies and procedures that demonstrate the intent required under HOPA. RISA has not satisfied these requirements. For example, for Plaintiffs and Class members, the restrictions RISA sought to impose through it's the Subject By-laws had expired 45 days earlier. In the absence of a written agreement from the affected parcel owner agreeing to abide by the bylaws, they cannot be enforced against non-members of RISA, such as Plaintiffs and Class members. As a result, no single set of rules governing the entire community exists.

33. Once a housing facility or community adopts rules and regulations consistent with HOPA, the facility or community must regularly audit its members to insure it is complying with the age requirement. This requires the conducting of surveys every two years. RISA does not satisfy and has not satisfied this requirement for numerous years.

34. HOPA and its related federal regulations, including through interpretation of HUD, set forth very strict requirements regarding when a housing facility or community (which

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

is not HOPA compliant) can be converted to one which is HOPA compliant. RISA has never satisfactorily complied or satisfied these requirements for conversion.

35. RISA and its representatives have repeatedly made statements to Plaintiffs and Class members, including at the time of Plaintiffs' and Class members' purchase of their property and subsequently, that RISA is and has been HOPA compliant. RISA has deceived Plaintiffs and Class members since RISA is not and has never been HOPA compliant.

36. RISA has caused damages and injuries to Plaintiffs and Class members based on RISA's wrongful acts described herein. These damages and injuries include but are not limited to the wrongful filing of the Subject By-laws and liens on the real property of Plaintiffs and Class members, which wrongfully cloud the title of the real property of Plaintiffs and the Class members. RISA's conduct prevents and impairs and has prevented and impaired Plaintiffs' and Class members' abilities to sell their homes.

37. As described herein, RISA has wrongfully deceived Plaintiffs and Class members, at the time of the purchase of their homes and/or subsequently, that RISA is HOPA compliant and that RISA's age restrictions are legally enforceable and mandatory. Plaintiffs have been damaged by purchasing real property which they would not have purchased (or would have paid less) if they were told the correct facts and/or by not selling their real property or not taking other actions or engaging in other conduct if they were told the correct facts.

38. Plaintiffs and Class members have been damaged by the wrongful billing by RISA for fees which are not owed and by the subsequent filing of related improper liens.

39. RISA has wrongfully caused emotional injury and distress of Plaintiffs and Class members. RISA and its representatives and members have wrongfully threatened, intimidated, and extensively harassed Plaintiffs and Class members due to Plaintiffs' and Class members' resignation from RISA and their statements and contentions that RISA is not HOPA compliant and RISA is wrongfully discriminating based on familial status. RISA has caused others to wrongfully threaten, intimidate, and harass Plaintiffs and Class members. This

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

includes that Plaintiffs and Class members have received death threats and repeated threats of serious physical harm.

## IV. CLASS ACTION ALLEGATIONS

40. Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated as members of a proposed plaintiff class pursuant to Federal Rule of Civil Procedure 23. The portions of Rule 23 under which Plaintiffs contend this suit is properly maintainable as a class action are Rule 23(a)(1) through (4) and Rule 23(b)(2) and (3).

41. The Class is defined as:

> All individuals that own or reside on parcels within Ryderwood that were developed by Senior Estates and contained covenants, conditions and restrictions that expired July 1, 1975 and who have resigned from RISA.

42. The Class is comprised of at least 75 individuals, which makes joinder of all Class members impracticable. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and the Court.

43. There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, like all Class members, own or reside in homes in Ryderwood that were developed by Senior Estates and encumbered with CC&Rs that expired in 1975. Further, each has resigned from RISA. The representative Plaintiffs, like all Class members, have been damaged by RISA's misconduct in that they were deceived into purchasing homes in Ryderwood or have continued to own or reside in Ryderwood based on RISA's continuing and numerous representations that Ryderwood is and was a community of seniors age 55 and older and compliant with HOPA. Furthermore, RISA, without consent from individual parcel owners, imposed covenants, conditions and restrictions and filed liens on the property owned or lived in by Plaintiffs or Class members, which prevent or restrict the ability to sell or convey clear title to a prospective purchaser. The factual bases of RISA's misconduct are common to all Class members and represent a common thread of fraudulent, deliberate, negligent and/or



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

wrongful misconduct resulting in injury to all members of the Class. The party opposing the Class has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

44. There are numerous questions of law and fact common to Plaintiffs and the Class. These common questions predominate over any questions that may affect individual Class members and include but are not limited to the following:

a. Whether RISA engaged in conduct which is violative of the federal Fair Housing Act;

b. Whether RISA is not presently and has never been compliant with HOPA;

c. Whether RISA acted wrongfully in filing the Subject By-laws in the public real property records relating to real property of Plaintiffs and Class members;

d. Whether the Subject By-laws filed by RISA in the public real property records relating to Plaintiffs and the Class members are legally enforceable against Plaintiffs and the Class members;

e. Whether Plaintiffs and the Class members are obligated to pay fees to RISA following their withdrawal and resignation from RISA;

f. Whether RISA's acts and practices violated the Washington Consumer Protection Act;

g. Whether RISA fraudulently concealed from and/or failed to properly disclose to Plaintiffs and Class member the fact that RISA was not HOPA compliant;

h. Whether Plaintiffs and the Class are entitled to compensatory, exemplary and statutory damages, and the amount of such damages;

i. Whether the Court should enjoin RISA from engaging in further discriminatory practices based on familial status;

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

j. Whether the Court should require RISA to withdraw and rescind the liens it has filed on public real property records relating to Plaintiffs and Class members concerning the Subject By-laws and purported unpaid fees;

k. Whether other damages and declaratory and injunctive relief is appropriate in this case.

45. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in class action litigation and substantial experience with disputes involving homeowners, covenants, and liens affecting real property. Plaintiffs are committed to vigorously prosecuting this action on behalf of the Class, and they have the financial resources to do so. Neither Plaintiffs nor their counsel have any interests adverse to those of the Class.

46. Plaintiffs and the members of the Class have all suffered and will continue to suffer harm and damages as a result of RISA's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, and as a practical matter, almost all of the Class members (as individuals) lack the financial capability to file a separate lawsuit or be a party in a lawsuit advancing the claims being brought in this Complaint, which would leave them with no effective remedy at law. Additionally, many of the Class members suffer from significant health problems which render it impractical or impossible for them to be joined as a party to this lawsuit. Absent a class action, Class members will continue to incur damages and RISA's misconduct will continue without remedy. Class treatment of common questions of law and fact is superior to multiple individual suits, piecemeal litigation, or other methods to fairly and efficiently adjudicating the controversies involved. A class action would conserve judicial resources and promote consistency and efficiency of adjudication.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## V. FIRST CLAIM FOR RELIEF: VIOLATIONS OF FEDERAL FAIR HOUSING ACT

47. Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint.

48. The actions described herein by RISA constitute violations of the federal Fair Housing Act, as stated in 42 U.S.C. Section 3601, *et seq.* and related federal regulations. These violations include but are not limited to discrimination on the basis of familial status, and violations of sections 3604(c) and (d) and related federal regulations. RISA engaged in conduct relating to the providing of housing which made dwellings unavailable and denied dwellings to persons because of familial status. RISA made, printed or published, or caused to be made, printed and published, notices, statements and advertisements with respect to the sale of dwellings that indicated preferences, limitations, or discrimination because of familial status or an intent to make such preference, limitation, or discrimination. RISA unlawfully provided inaccurate or untrue information about the availability of dwellings for sale because of familiar status, and RISA enforced purported covenants or deed provisions which preclude the sale of dwellings due to familial status.

49. RISA's actions are not exempt under HOPA for numerous reasons, including but not limited to reasons stated herein.

50. As described herein, RISA's actions have caused damages and injuries to Plaintiffs and Class members. These damages and injuries include but are not limited to the clouding of their title to their real property by the filing of false and improper restrictions and liens; the prevention and restriction of Plaintiffs and Class members from selling their dwellings and real property; actual and economic losses; emotional distress injuries; attorneys fees and costs; and others. Section 3613(c) of the federal Fair Housing Act provides for the recovery of attorneys' fees and costs.

51. Consistent with 42 U.S.C. Section 3613(c) and otherwise, Plaintiffs and the Class members seek to recover all actual damages, punitive damages, their attorneys fees and

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

costs, and other relief. Additionally, as further described herein, Plaintiffs and the Class members request the Court grant declaratory relief and injunctive relief which enjoin RISA from engaging in such discriminatory practices in the future; compels RISA to withdraw the improper and illegal clouds and liens on their properties; and grants other appropriate relief.

## VI. SECOND CLAIM FOR RELIEF: FRAUDULENT CONCEALMENT / NONDISCLOSURE

52. Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint.

53. RISA knew or should have known that its representations that its age restrictions and other requirements were legal and enforceable were not true since RISA is not and has never been HOPA compliant. As described above, RISA received notification of these facts on numerous occasions.

54. RISA fraudulently or recklessly concealed from and/or failed to disclose to Plaintiffs, Class members, and others in the business of marketing and selling property within Ryderwood (*e.g.*, concealments and omissions in RISA's communications with real estate companies, real estate agents and escrow companies that were ultimately passed on to Plaintiffs and Class members) that RISA was not HOPA compliant.

55. RISA was and is under a duty to Plaintiffs and the Class to disclose these facts because:

a. RISA is in a superior position to know the facts about its HOPA compliance;

b. The Department of Housing and Urban Development and others had informed RISA that it was not HOPA compliant; and

c. RISA fraudulently or recklessly concealed its HOPA non-compliance from Plaintiffs and the Class.

56. The facts concealed and/or not disclosed by RISA to Plaintiffs and the Class are material facts in that a reasonable person would have considered them important for numerous

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

reasons related to this lawsuit, including but not limited to in deciding whether or not to purchase (or to pay the same price for) or sell real property in Ryderwood.

57. RISA intentionally or recklessly concealed and/or failed to disclose that it did not conform to HOPA requirements for the purpose of inducing Plaintiffs and the Class to act thereon.

58. Plaintiffs and the Class justifiably acted and/or relied upon to their detriment the concealed and/or non-disclosed facts.

59. As a direct and proximate cause of RISA's wrongful actions, Plaintiffs and the Class members have suffered losses and injuries (as described herein) resulting from RISA's fraudulent, reckless and/or otherwise wrongful concealment and non-disclosure. Accordingly, RISA is liable for all damages proximately caused by its wrongful conduct, in an amount to be proven at the time of trial.

## VII. THIRD CLAIM FOR RELIEF: CONSUMER PROTECTION ACT

60. Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint.

61. RISA's wrongful actions described herein constitute violations of the Washington Consumer Protection Act, RCW Ch. 19.86.

62. RISA is a "person" within the meaning of RCW 19.86.010(1) and conducts "trade" and "commerce" within the meaning of RCW 19.86.010(2). Plaintiffs and the Class members are "persons" within the meaning of RCW 19.86.010(1).

63. RISA's wrongful actions described herein are unfair and deceptive acts and practices within the meaning of the Washington Consumer Protection Act. This includes but is not limited to as specifically stated in RCW Ch. 49.60. RISA's acts and practices as described herein have the tendency or capacity to mislead, and have mislead, a large portion of the consuming public. Such acts and practices were and are capable of deceiving a substantial

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

portion of the public, including individuals, real estate companies, real estate agents and escrow companies, in addition to the purchasers of parcels within Ryderwood.

64. RISA's unfair and deceptive acts and practices have occurred in trade or business.

65. RISA's general course of conduct has an impact on the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

66. RISA's conduct has caused injury and damage to Plaintiffs and Class members as described herein.

67. Plaintiffs and other Class members are therefore entitled to an order enjoining the conduct complained of herein; the award of actual damages, treble damages, costs of suit, and reasonable attorneys fees; and such further relief as the Court may deem proper. Attorneys fees and costs are recoverable under the Consumer Protection Act.

## VIII. FOURTH CLAIM FOR RELIEF: DECLARATORY RELIEF

68. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

69. **Legal Bases for Declaratory and Injunctive Relief.** Justiciable and real controversies and disputes exist between the parties with respect to the issues discussed below and herein. Numerous legal bases exist for the Court to grant declaratory and injunctive relief regarding these disputes.

70. As discussed above, under the federal Fair Housing Act and 42 U.S.C. § 3613(c), the Court: "may grant as relief, as the Court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)."

71. As discussed herein, a remedy for a violation of the Consumer Protection Act includes the Court may enjoin any further violations of the Consumer Protection Act.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

72. Under RCW 49.60.224, any provision in a written instrument relating to real property is void which purports to forbid or restrict the conveyance, encumbrance, or occupancy thereof to individuals of a specified families with children status and every condition, restriction or prohibition which directly or indirectly limits the use or occupancy of real property on the basis of families with children status. RCW 49.60.227 states that, if a written instrument contains a provision that is void by reason of RCW 49.60.224, the owner which is subject to the provision may bring a declaratory judgment action involving the striking and eliminating of the void provisions.

73. As described above, the Subject By-laws were wrongfully filed as part of the public real property records by RISA. RISA was a non-property owner which had no authority to file the Subject By-laws. The Subject By-laws were not signed by or agreed to by Plaintiffs or the Class members (or their predecessors-in-interest). The Subject By-laws violated the statute of frauds. Actual and justiciable controversies presently exist between the parties as to whether it was proper and legal for the Subject By-laws to be filed in the public real property records and whether the By-laws are enforceable against Plaintiffs and Class members and subsequent purchasers. Additionally, membership in RISA is voluntary. Plaintiffs and the Class members had every right to withdraw and resign from RISA, and upon such withdrawal and resignation, Plaintiffs and the Class members were not obligated to pay fees to RISA. It was wrongful for RISA to file liens on real property owned by Plaintiffs and Class members related to fees which RISA wrongfully claims are owed by Plaintiffs and Class members. Actual and justiciable controversies presently exist between the parties as to whether such fees were owed by Plaintiffs and Class members and whether it was proper for RISA to file related liens. Judicial determination regarding these controversies will be final and conclusive and will terminate the controversies and remove and terminate uncertainties related to the controversies.

74. **Declaratory and Injunctive Relief Sought.** Plaintiffs and the Class members request that the Court order the following declaratory and injunctive relief:

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

a. Declaring the Subject By-laws filed by RISA in the public real property records are void and have no legal binding effect on Plaintiffs and the Class members and on their real property.

b. Ordering RISA to take immediate action to rescind and withdraw such filings from the public real property records.

c. Declaring RISA is not presently and has never been compliant with HOPA.

d. Declaring RISA has engaged in discriminatory acts and practices based on familial status in violation of the Federal Fair Housing Act.

e. Ordering RISA to cease making or publishing or causing to be made or published any statements, notices, advertisements or other form of representations that RISA is presently or has ever been HOPA compliant.

f. Ordering RISA to cease making or publishing or causing to be made or published any statements, notices, advertisements or other form of representations that any age restriction whatsoever exists with respect to the real properties owned by Plaintiffs and the Class members.

g. Ordering RISA is prohibited from it or any of its members or representatives engaging in any future harassment, intimidation, or threatening conduct of any kind against Plaintiffs or the Class members, which in any way relates to Plaintiffs or the Class members resigning from RISA or their statements or contentions that RISA is not HOPA compliant and that the age restrictions are unlawful.

h. Declaring that Plaintiffs and the Class members are legally entitled to resign from RISA, and upon such resignation, they are no longer obligated to pay fees to RISA.

i. Ordering RISA to immediately rescind or otherwise withdraw from public real property records any liens filed by RISA which relate to any prior nonpayment of fees by Plaintiffs and Class members following their resignation from RISA.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

j. Declaring and ordering further declaratory and injunctive relief as the Court deems just and appropriate.

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, request the Court enter a judgment granting relief in favor of Plaintiffs and the Class members and against defendant RISA and entering orders granting the following relief:

1. An order certifying the proposed Class and any appropriate subclasses and designating Plaintiffs as Class Representatives and their counsel as Class Counsel;

2. An award of monetary damages, including but not limited to any compensatory, incidental or consequential damages commensurate with proof at trial for the acts complained of herein;

3. An award of punitive damages pursuant to the federal Fair Housing Act;

4. An award of treble damages pursuant to the Washington Consumer Protection Act;

5. An order or orders granting appropriate declaratory and injunctive relief, including the declaratory and injunctive relief described in Section VIII and otherwise herein;

6. An award of Plaintiffs' and the Class members' attorneys' fees and costs incurred herein, based on all legal bases for such recovery stated herein and as otherwise recoverable under applicable law;

7. Statutory pre-judgment interest; and

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

8. All other relief the Court deems just and appropriate.

DATED this 8th day of July, 2009.

LANE POWELL PC

By: Joseph E. Lynam
Joseph E. Lynam, WSBA #12728

Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
Email: lynamj@lanepowell.com

Attorneys for Plaintiffs

COMPLAINT—CLASS ACTION FOR VIOLATION OF FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 18
124215.0001/1728190.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107