Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND T. BALVAGE and DEBORAH A. BALVAGE, husband and wife; CHARLES E. WEAVER and SUSAN M. WEAVER, husband and wife; JOYCE MARIE ADAMS; LUVERN HARLAND ALLEN; EDGAR AMES; JAMES ALVIN BAKER and DARLA JEAN BAKER, husband and wife; RALPH ALVIN BARFELL, JR.; SHARON MARIE BANTA; RAY BODINE and JANIE KAY BODINE, husband and wife; RICHARD ANTHONY BRAGA, JR. and MARGARET LOUISE BRAGA, husband and wife; CHARLES THOMAS CALDWELL and SANDI KAY CALDWELL, husband and wife; LAREN WILLBUR COLEMAN and PAMELA DENISE COLEMAN, husband and wife; ALVIN DEE COLPITTS and CORABELLE COLPITTS, husband and wife; BETTY GENE DONOGHUE; ELIZABETH ELAINE DUPREE; JOYCE ELAIN FISCHER; JEANNETTE H. HEADEN; GLENN RICHARD HUESTIS and CAROL NADINE HUESTIS, husband and wife; BARBARA JEAN JOY; MIRIAM MARGARET KENNEDY-ALLEN; GERALD BLAIR KOLB and ETHEL MAY KOLB, husband and wife; ALFRED WESLEY LEACH and GLORIA EILEEN LEACH, husband and wife; RAYMOND ERNEST MORRIS and CAROLYN L. MORRIS, husband and wife; ARNOLD NADEAU; KAREN CAMPBELL; BOB PISTONE and DORIS PISTONE, husband and wife; VERN POWELL and SHARON | **CASE NO. 3:09-cv-05409 BHS**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Noted for consideration: July 9, 2010 |

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 1
NO. 3:09-cv-05409 BHS
124215.0001/1865693.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.710

POWELL, husband and wife; EARLEEN M. RUTHERFORD; CHARLES JOHN SANTINEAU; BARBARA LOUISE PEPPER; LUCAS JOHN SHIMMIN; DON SMITH and DIANE SMITH, husband and wife; DONALD NEIL STROUD and SHARON LEE STROUD, husband and wife; WALTER GORDON WEST and JANET MARIE WEST, husband and wife; BEVERLY WHITE; BOB WHITE and DIANE WHITE, husband and wife;

　　　　　　　　　Plaintiffs,

　　v.

RYDERWOOD IMPROVEMENT AND SERVICE ASSOCIATION, INC., a Washington non-profit corporation,

　　　　　　　　　Defendant.

## I. INTRODUCTION

RISA has lost the HOPA issue. The Court has ruled RISA is violating the FHA and that HOPA does not apply.[1] However, RISA ignores this clear ruling and appears to be in denial that the issue has been resolved. RISA has the benefit of insurance company funding of its attorneys fees and costs.[2] Plaintiffs are a group of senior citizens facing serious and life threatening illnesses.[3] Plaintiffs' ability to fund this lawsuit is limited by their pensions, social security checks, or other fixed incomes.[4] RISA's intent appears to be to take every action possible to delay and stall this litigation until it is too late for Plaintiffs to get their affairs in order or ever enjoy the relief that naturally flows from the Court's rulings.[5]

RISA explains that it owns no homes in Ryderwood and is not a profit seeking entity.[6] RISA makes no factual showing that there will be sales to families with children or that it will

---

[1] Dkt. 42, pp. 14-15.
[2] See Declaration of Joseph E. Lynam in Support of Plaintiffs' Motion for Preliminary Injunction filed herewith, at ¶ 2.
[3] Dkt. 62, ¶ 3.
[4] *Id.*, at ¶ 4.
[5] See Dkts. 50, 55 (attempting to delay enforcement of the Court's Order on PMSJs and continue the trial date).
[6] Dkt. 57, p. 3.

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 2
NO. 3:09-cv-05409 BHS
124215.0001/1865693.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.710

suffer financial loss if the requested injunction is imposed.[7] Nonetheless, RISA boldly asserts that it, not Plaintiffs, is threatened with irreparable harm.[8] This argument is based entirely on speculation. In fact, RISA faces no threat of irreparable harm. There is no inherent right in this country to discriminate against families with children. A limited exception to the prohibition on such discrimination exists only if there has been strict compliance with the requirements of HOPA.[9] The Court has ruled that such compliance has not occurred.[10] The status quo in Ryderwood, which RISA seeks to maintain, is nothing less than illegal discrimination. This status quo is not worthy of the Court's protection.

The equities of this situation resoundingly favor Plaintiffs. The starting place of any equitable analysis must be the paramount interest of stopping any continuing violations of the FHA. The Court has ruled such violations are occurring to Plaintiffs' detriment.[11] Indeed, these violations are part of a 17 year history of RISA's continuous willful disregard of the FHA.[12] These violations must be stopped.

RISA's continuing illegal violation of the FHA despite the Court's ruling and its history of knowing and willful disregard of HUD's instructions regarding HOPA compliance demonstrates that RISA is the party with unclean hands. RISA's attempts to rely on personal attacks, irrelevant and inconsistent background history, and total denial of the Court's prior rulings should not be rewarded. With their Motion for Preliminary Injunction, Plaintiffs simply ask that RISA's unlawful discrimination be stopped until further order of the Court. This request is equitable, realistic, and, moreover, it is the only logical follow up to the Court's Order on PMSJs.

---

[7] See generally *Id.*
[8] *Id.*, at 12-14.
[9] See *Massaro v. Mainlands Section 1 & 2 Civic Ass'n, Inc.*, 3 F.3d 1472, 1475 (11th Cir. 1993) (exceptions to the FHA are narrowly construed).
[10] Dkt. 42, p. 14-15.
[11] Dkt. 42, pp. 8-10 (RISA's actions cause injury to Plaintiffs sufficient to confer standing).
[12] Dkt. 42, p. 3-4 (RISA learned of the FHA and HOPA requirements in December, 1992; RISA began its first age-verification survey in 2005; RISA still enforces its age-restrictions in 2010).

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 3
NO. 3:09-cv-05409 BHS
124215.0001/1865693.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.710

## II. REPLY

### A. Plaintiffs Face Irreparable Harm Unless the Injunction is Granted.

The Court has ruled that the conundrum faced by Plaintiffs with regard to their inability to sell their homes constitutes an ongoing injury which confers upon them sufficient standing to seek relief.[13] Each of the Plaintiffs continues to suffer this same injury.[14] Every day that goes by where the signs remain up, the policies remain in place, and real estate agents remain unadvised is another day that Plaintiffs cannot list their homes for sale. Unless an injunction is granted, Plaintiffs will never get these potential sale days back. The injuries suffered by Plaintiffs' truly will be compounded if they miss the prime 2010 summer selling season in Ryderwood.[15] Plaintiffs are a group of senior citizens facing severe, life-threatening illnesses.[16] If Plaintiffs are forced to wait through trial and appeals funded by RISA's insurance company money, then it will be too late for them to obtain relief. Thus, the harm Plaintiffs will suffer is irreparable and merits the entry of the proposed injunction.

### B. RISA Will Suffer No Harm if the Injunction is Granted.

RISA states that it "does not make any money by enforcing the age restrictions, it owns no homes in Ryderwood and is not a profit seeking entity."[17] This statement is difficult to square with RISA's contention that it will be harmed if the injunction is granted.[18] Although Plaintiffs ultimately seek declaratory relief stating that RISA's bylaws are unenforceable, they do not seek such relief in this Motion.[19] If the injunction is granted, RISA will still be able to collect dues, hold meetings, and manage community spaces. If RISA has no financial or proprietary stake in Ryderwood, it cannot be harmed by the removal of restrictions governing the composition of Ryderwood residents.

---

[13] Dkt. 42, pp. 8-10.
[14] Exhs. A-II to Dkt. 32.
[15] See Dkt. 49, ¶ 7.
[16] Dkt. 62, ¶ 3.
[17] Dkt. 57, p. 3.
[18] See *Id.*, at 12-14.
[19] Compare Dkt. 41, Dkt. 48.

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 4
NO. 3:09-cv-05409 BHS
124215.0001/1865693.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.710

Moreover, RISA provides no actual evidence that families with children have made efforts to buy houses in Ryderwood or that any such sales are imminent.[20] Mere speculation regarding such "harm" should be disregarded.

**C. The Public Interest in Granting the Injunction Outweighs the Private Interests of Ryderwood Homeowners.**

Plaintiffs have submitted 37 declarations (which includes all Plaintiffs or their marital communities) stating that they want RISA's age restrictions removed so that they can sell their properties without fear of incurring liability for age-discrimination.[21] RISA has submitted no evidence that any Ryderwood resident actually wants the age-restrictions to remain in place.[22] Nevertheless, RISA states that the public has an interest in seeing the restrictions remaining in force.[23] This argument is of no merit. It cannot be disputed that the public has a greater interest in free and open housing than private homeowners have in enforcing discriminatory covenants and bylaws.[24] Although senior citizens may have an interest in maintaining retirement communities, the privilege of protecting that interest carries with it the responsibility of complying with the law. RISA does not dispute that for 13 years (1992-2005), its board of "homeowner volunteers" willfully ignored federal laws concerning housing discrimination. By virtue of this willful and knowing noncompliance with HOPA, RISA has forfeited any claim it has to maintain a discriminatory age-restrictions.

Also, RISA makes no evidentiary showing that the "55 and older" character of Ryderwood would actually be threatened if the restrictions are removed.[25] Plaintiffs have never indicated that they specifically want to sell to families with children. Instead, Plaintiffs want illegal restrictions removed so that they can sell to the general public without illegal obstacles and without fear of liability for housing discrimination.[26] Given that Ryderwood is largely a

---

[20] See generally Dkt. 57.
[21] Exhs. A-II to Dkt. 32.
[22] See generally Dkt. 57.
[23] *Id.*, at 14-15.
[24]  See 42 U.S.C. § 3601.
[25] See generally Dkt. 57.
[26] Exhs. A-II to Dkt. 32.

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 5
NO. 3:09-cv-05409 BHS
124215.0001/1865693.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.710

community of retirees anyway, it is questionable whether younger people will move in if the age-restrictions are removed. What is essential, and what is consistent with the public policy of the United States, is that everyone be given the opportunity to live in Ryderwood regardless of familial status.

### D.  RISA's Personal Attacks

A great deal of RISA's Opposition is devoted to personal attacks against three of the Plaintiffs and their motives for bringing this lawsuit.[27]  Irrespective of the numerous inaccuracies and inconsistencies of these personal attacks, they have nothing to do with the issues before the Court.  There are 54 plaintiffs to this suit and RISA's response is to make misleading personal attacks against 3 of them.[28]  This misdirected effort is consistent with RISA's efforts to delay this case and sidetrack the Court with irrelevant and disputed facts.  Plaintiffs have proven, as a matter of law, that RISA does not qualify for HOPA and that RISA's age-restrictions are illegal.[29]  RISA's personal attacks provide no reason that the Court should not grant injunctive relief consistent with its prior ruling.[30]

### E.  The Terms of the Injunction are Reasonable and RISA Can Comply Without Difficulty.

RISA complains that the timelines suggested for Plaintiffs' preliminary injunction are unrealistically short.[31]  This simply is not the case.  With regard to mailing notices to residents, RISA has stated that it has all residents' addresses on file.[32]  RISA has a high speed printer and copying system capable of publishing documents for all of its members in under an hour.[33]  This being the case, it should also not be difficult to generate letters to the 18 real estate,

---

[27] Dkt. 57, pp. 4-7, 16-21.
[28] *Id.*
[29] Dkt. 42, pp. 14-15.
[30] Certain Plaintiffs were members of the RISA board in 2006 and 2007.  The Court ruled, however, that it was RISA's failure to properly convert to HOPA in 2000 that renders it non-compliant today. Dkt. 42, p. 11-15 (RISA discriminated on the basis of familial status after the expiration of the HOPA transition period on May 3, 2000).  Thus, the actions of Plaintiffs as board members could not have had any impact on RISA's eligibility for HOPA.
[31] Dkt. 57, pp. 21-22.
[32] Dkt. 24, ¶¶ 18-19.
[33] Second Declaration of Charles E. Weaver in Support of Plaintiffs' Motion for Preliminary Injunction, ¶ 2.

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 6
NO. 3:09-cv-05409 BHS
124215.0001/1865693.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.710

escrow, and title companies as well. With regard to the bylaws, RISA claims that it has no authority to amend its bylaws *sua sponte*.[34] This is inaccurate. RCW 64.38.028 allows discriminatory provisions to be removed from bylaws upon the vote of a simple majority of a homeowner's association's board of directors. 14 days is ample time for RISA to convene a board meeting and vote to amend the bylaws. This said, the exact length of these deadlines is not of critical importance, and the parties look to the Court's discretion to set reasonable deadlines.

RISA claims that if the injunction is granted, Plaintiffs will still need to disclose the present dispute to potential home buyers. This may be true. But what would this disclosure be?

> This town used to be called a retirement community but the United States District Court ruled that it was not a retirement community because the board of directors was illegally discriminating. The board of directors appealed. Right now there are no restrictions on families with children.

Any awkwardness caused by this disclosure cannot justify the maintenance of illegal restrictions on families with children.

RISA may not want to comply with the preliminary injunction requested by Plaintiffs. This, however, does not mean that compliance is not feasible.

F. **No Security is Necessary for Entry of Injunction**

As noted above, RISA has no financial or proprietary interest in the maintenance of the age-restrictions.[35] Accordingly, no security is necessary prior to entry of the injunction. RISA's contention that the public as a whole may be damaged by removal of the restrictions is based on pure speculation. Moreover, the presumption must be in favor of ending illegal discrimination. RISA's request for $5,000 per household (or $1.2 million total) is not only prohibitive, it is without justification.[36] RISA provides no evidentiary support for the $5,000 number nor does it explain how it is reasonably calculated to redress injuries that RISA might

---

[34] Dkt. 57, p. 22.
[35] Dkt. 57, p. 3.
[36] Dkt. 57, pp. 22-23.

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 7
NO. 3:09-cv-05409 BHS
124215.0001/1865693.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.710

suffer if entry of the injunction turns out to have been incorrect.[37]  Plaintiffs suspect that RISA simply drew this number out of whole cloth in another effort to take advantage of Plaintiffs' limited resources.  Because RISA has no financial interest in the entry of the injunction, and because the injunction is necessary to stop ongoing illegal discrimination, Plaintiffs respectfully submit that the injunction should be issued without security or bond.

### III.  CONCLUSION

Any arguments raised in RISA's Opposition cannot overcome the fact that the Court has ruled RISA's familial status discrimination is illegal and causing ongoing injuries to plaintiffs who have limited time and resources to get their affairs in order.  Accordingly, the preliminary injunction requested by Plaintiffs should be entered in order to stop this illegal conduct.

[Procedural note: In the earlier declaration of Charles E. Weaver in Support of Plaintiffs' Motion for Preliminary Injunction (Dkt. 49), a typing error resulted in Plaintiffs inadvertently leaving out one of the real estate agents which Ryderwood and should be included as one of the persons to receive notice.  Therefore, a Second Weaver Declaration is filed herewith pointing out this fact, and an Amended Proposed Order is filed herewith with the sole change (as compared to the original Proposed Order) that one more addressee has been added to Exhibit B.]

DATED:  July 9, 2010

LANE POWELL PC

By   s/ Joseph E. Lynam
    Joseph E. Lynam, WSBA No. 12728
    Abraham K. Lorber, WSBA No. 40668
Attorneys for Plaintiffs
Lane Powell PC
1420 Fifth Avenue, Ste. 4100
Seattle, WA 98101-2338
T: 206-223-7000
F: 206-223-7107
Email: lynamj@lanepowell.com
Email: lorbera@lanepowell.com

---

[37] See generally Dkt. 57.

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 8
NO. 3:09-cv-05409 BHS
124215.0001/1865693.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.710

CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington, that on July 9, 2010, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Steven Goldstein
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike St.
Seattle, WA 98101
Email: sgoldstein@bpmlaw.com

DATED July 9, 2010 at Seattle, Washington.

s/ Joseph E. Lynam
Joseph E. Lynam, WSBA No. 12728

LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
Tel:  206.223.7000
Fax:  206.223.7107
Email: lynamj@lanepowell.com

Attorney(s) for Plaintiffs

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 9
NO. 3:09-cv-05409 BHS
124215.0001/1865693.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.710