UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND T. BALVAGE and DEBORAH A. BALVAGE, husband and wife, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>RYDERWOOD IMPROVEMENT AND SERVICE ASSOCIATION, INC., a Washington non-profit corporation,<br><br>  Defendant. | CASE NO. C09-5409BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Plaintiffs' motions for preliminary injunction (Dkt. 48) and attorney's fees (Dkt. 53). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion for preliminary injunction and denies the motion for attorney's fees for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

For a more complete factual background, see the Court's order on the parties' motions for summary judgment (Dkt. 42). On June 4, 2010, the Court granted in part and denied in part Plaintiffs' motion for summary judgment and denied Defendant Ryderwood Improvement and Service Association, Inc.'s ("RISA") motion for summary

ORDER - 1

1  judgment. Dkt. 42. In granting in part Plaintiffs' motion, the Court concluded that RISA
2  is not entitled to use the HOPA exception as a defense to claims of discrimination under
3  the Federal Fair Housing Act ("FHA"), 42 U.S.C. § 3604(c) *et seq.*, because it is not in
4  compliance with HOPA's requirements. *Id.* at 14-15. On June 18, 2010, RISA filed a
5  motion for reconsideration of the Court's order on the motions for summary judgment.
6  Dkt. 50. On June 22, 2010, the Court denied RISA's motion for reconsideration. Dkt.
7  52.
8        On June 17, 2010, Plaintiffs filed a motion for preliminary injunction to enjoin
9  RISA from enforcing any age restrictions on the sale or rental of, or residency in, homes
10 in Ryderwood and requiring it to inform Ryderwood residents and local real estate agents
11 of the lack of age restrictions and amend its bylaws to reflect the change in restrictions.
12 Dkt. 48. On July 6, 2010, RISA filed its response (Dkt. 57) and on July 9, 2010,
13 Plaintiffs replied (Dkt. 63). On June 24, 2010, Plaintiffs filed their motion for attorney's
14 fees. Dkt. 53. On July 6, 2010, RISA responded (Dkt. 60) and on July 9, 2010, Plaintiffs
15 replied (Dkt. 67).

## II. DISCUSSION

**A.  Motion for Preliminary Injunction**

In *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365 (2008), the Supreme Court stated that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 374.

    **1.  Likelihood of Success on the Merits**

In order to grant a preliminary injunction, a district court must consider whether the moving party has a likelihood of success on the merits. *Winter*, 129 S. Ct. at 374. Plaintiffs assert that this element is met based on the Court's ruling (Dkt. 42) that RISA does not qualify for the HOPA exception to the FHA and that Plaintiffs were entitled to

summary judgment on their claims arising out of their inability to sell their homes. Dkt. 48 at 7. RISA responds to this assertion by stating that Plaintiffs have not shown a likelihood of success on the merits because questions remain regarding whether RISA can comply with HOPA in the future. Dkt. 57 at 15-16. As the Court stated in its order on summary judgment, Plaintiffs have succeeded in proving their claims arising out of their inability to sell their homes. Dkt. 42 at 15. Regardless of whether they prevail on the remaining claims, the fact that they have already succeeded on certain claims is sufficient to meet this element for purposes of obtaining the preliminary injunction they seek as it relates to the claims already ruled on by the Court.

**2.     Irreparable Injury**

Next, the Court will consider the possibility of irreparable injury to Plaintiffs if the preliminary injunction is not granted. *Winter*, 129 S. Ct. at 375. Plaintiffs argue that without a court order enjoining RISA from enforcing its age restrictions, Plaintiffs will be irreparably harmed by being forced to wait until after trial to list their homes for sale to the general public and thus miss another "prime" selling season that occurs during the summer. Dkt. 48 at 7. RISA maintains that the purpose of a preliminary injunction is to maintain the status quo, that Plaintiffs have failed to allege an injury that is irreparable without the requested injunction, and that it will be irreparably harmed if the Court grants the injunction. Dkt. 57 at 10-14.

Plaintiffs must show an irreparable injury and that the relief sought will prevent it. *Winter*, 129 S. Ct. at 375. The Court concludes that Plaintiffs have shown an irreparable injury in not being able to list their homes for sale to the general public and that such injury will be relieved in RISA being enjoined from enforcing its age restrictions. RISA's reliance on cases stating that the Court should grant a preliminary injunction "sparingly," prior to deciding the merits, is somewhat inapplicable in that here, the Court has already decided the merits of the claims on which Plaintiffs seek an injunction. As stated above, the Court has already concluded that RISA has not met the qualifications for

ORDER - 3

a HOPA exception. *See* Dkt. 42. Thus, RISA's continued enforcement of its age restrictions are violating the FHA. *Id.* Moreover, the fact that Plaintiffs may have to disclose the ongoing litigation with RISA to potential buyers does not mean that the injunction will fail to provide relief of their injury. It simply means that buyers will be informed of the actual situation going on in Ryderwood and will be free to proceed accordingly. Plaintiffs are not required to show that the injunction will result in the sale of their homes as RISA seems to argue. Rather, Plaintiffs must show that the relief sought will prevent an irreparable injury, which the Court concludes they have done.

### 3. Balance of Hardships

The Court has ruled that Plaintiffs have proven their claims based on their inability to sell their homes. Dkt. 42. Thus, the Court finds that Plaintiffs would suffer a hardship if they are forced to wait until the end of this suit to receive relief, as the Court has already decided the merits of this claim. RISA may argue that it will suffer a hardship in being enjoined from enforcing its age restrictions; however, because the Court has concluded that the enforcement of such restrictions is in violation of the FHA, such hardship is insignificant.

### 4. Public Interest

Finally, in considering whether to grant a preliminary injunction, the Court will consider the public's interest. *Winter*, 129 S. Ct. at 375. In an earlier Court of Appeals opinion in the *Winter* case, the Ninth Circuit reiterated the importance of this factor: "the district court must consider not only the possibility of irreparable harm, but also, in appropriate cases, the public interest. The public interest is not the same thing as hardship to [a] party . . . . Balance of hardships is the third factor, and the public interest is the fourth factor. They are separate . . . ." *Natural Resources Defense Council v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007) (reversing the district court's order granting a preliminary injunction where the district court did not consider the public interest factor).

1  Both parties argue that the public interest is in their favor. Dkt. 48 at 8 and Dkt. 57
2 at 14-15. The Court concludes that the public interest is clearly in favor of granting
3 Plaintiffs' injunction. RISA's age restrictions are violating the FHA. The public has an
4 interest in enforcement of the FHA and enjoining those who are violating it. Therefore,
5 the public has an interest in the Court granting Plaintiffs' injunction.

6  Because the Court finds that each of the four factors discussed above weighs in
7 favor of Plaintiffs' request to enjoin RISA, the Court concludes that Plaintiffs' motion for
8 preliminary injunction is granted. Further, because the Court has already ruled that
9 Plaintiffs prevailed on the merits of their claims arising out of their inability to sell their
10 homes, the Court finds that "there is no realistic likelihood of harm to [RISA] from
11 enjoining [its] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 920 (9th Cir. 2003).
12 Accordingly, the Court concludes that Plaintiffs are not required to post a surety bond.

**B.    Motion for Attorney's Fees**

The Court has reviewed Plaintiffs' motion for attorney's fees and the pleadings filed in support of and opposition to the motion. The Court concludes that Plaintiffs' motion is denied as the issue of attorney's fees in this matter will be more appropriately decided after the conclusion of the entire action. Plaintiffs can renew their motion on the issue of attorney's fees at that time.

### III. ORDER

Therefore, the Court hereby **ORDERS** as follows:

(1)    Plaintiffs' motion for attorney's fees (Dkt. 53) is **DENIED** without prejudice to Plaintiffs filing a motion for attorney's fees at the conclusion of this action;

(2)    Plaintiffs motion for a preliminary injunction (Dkt. 48) is **GRANTED**, and RISA is required to take the following actions:

(a)    RISA shall immediately cease any and all enforcement of age restrictions on the sale, rental, or residency of homes in Ryderwood, Washington;

    (b) Within **thirty days** of the entry of this order, RISA is to mail letters to each and every homeowner in Ryderwood, Washington stating that this Court has ordered RISA to immediately cease enforcement of its age restrictions;

    (c) Within **thirty days** of the entry of this order, RISA is to mail letters to the real estate agencies, title companies, and escrow companies who service Ryderwood, Washington. The required mailing list for these letters is located at Dkt. 48-2, Exh. B. These letters are to state that this Court has ordered RISA to immediately cease enforcement of its age restrictions;

    (d) Within **thirty days** of the entry of this order, RISA is to remove any and all signs in the town of Ryderwood, Washington that designate Ryderwood as a "55 and older community," "fifty-five plus community," "55+ community," or in any way suggest that age restrictions exist in Ryderwood, Washington concerning ownership, rental, or residency of homes;

    (e) Within **thirty days** of the entry of this order, RISA is to amend its bylaws to remove any and all provisions which purport to limit ownership, rental, or residency of homes in Ryderwood, Washington to persons who are ages fifty-five or older;

    (f) With regard to the letters described in subsections (b) and (c) above, the parties are to agree on a form letter that will be sent to the appropriate recipients. If the parties cannot agree as to the form that will be used, the parties are to submit their proposed form letters to the Court, on or before, **August 27, 2010,** and the Court will decide what the appropriate form should be; and

(3)     This preliminary injunction is to remain in effect until otherwise ordered by the Court.

DATED this 11th day of August, 2010.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7