UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND T. BALVAGE and DEBORAH A. BALVAGE, husband and wife, et al., | CASE NO. C09-5409BHS |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO FILE DISCRETIONARY APPEAL AND GRANTING IN PART DEFENDANT'S REQUEST FOR A STAY PENDING APPEAL |
| RYDERWOOD IMPROVEMENT AND SERVICE ASSOCIATION, INC., a Washington non-profit corporation, | |
| Defendant. | |

This matter comes before the Court on Defendant Ryderwood Improvement and Service Association's ("RISA") now unopposed motion for leave to file discretionary appeal that was contained in its motion for reconsideration (Dkts. 50 & 68).  The Court has considered the pleadings filed in support of and in opposition to the motions, the remainder of the file and the parties' representations at the August 26, 2010 in-court hearing in this matter and hereby grants RISA's motion for leave to file a discretionary appeal and stays the case as discussed below.

## I.  PROCEDURAL AND FACTUAL HISTORY

For a more complete factual background, see the Court's order on the parties' motions for summary judgment (Dkt. 42).  On June 4, 2010, the Court granted in part and denied in part Plaintiffs' motion for summary judgment and denied RISA's motion for

ORDER – 1

summary judgment.  Dkt. 42.  In granting in part Plaintiffs' motion, the Court concluded

that RISA is not entitled to use the HOPA exception as a defense to claims of

discrimination under the Federal Fair Housing Act ("FHA"), 42 U.S.C. § 3604(c) *et seq.*,

because it is not in compliance with HOPA's requirements.  *Id*. at 14-15.  On June 18,

2010, RISA filed a motion for reconsideration of the Court's order on the motions for

summary judgment that included a motion for leave to file a discretionary appeal under

28 U.S.C. § 1292(b).  Dkt. 50.  On June 22, 2010, the Court denied RISA's motion for

reconsideration and requested further briefing from the parties on the issue of a

discretionary appeal. Dkt. 52.

On July 7, 2010, Plaintiffs filed a response in opposition to RISA's motion (Dkt. 61) and

on July 9, 2010, RISA replied (Dkt. 68).  On August 26, 2010, the Court held a hearing in

which Plaintiffs stated that, due to RISA's pending appeal in the Ninth Circuit of the

Court's order granting Plaintiffs' motion for a preliminary injunction, they no longer

opposed RISA's request for a discretionary appeal.

## II. DISCUSSION

The United States courts of appeals have jurisdiction to hear appeals from final

decisions of the district courts.  28 U.S.C. § 1291.  However, under 28 U.S.C.1292(b):

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that such
> order involves a controlling question of law as to which there is substantial
> ground for difference of opinion and that an immediate appeal from the
> order may materially advance the ultimate termination of the litigation, he
> shall so state in writing in such order. . . . [A]pplication for an appeal
> hereunder shall not stay proceedings in the district court unless the district
> judge or the Court of Appeals or a judge thereof shall so order."

*See In re Cement Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1982).  In *Cement*, the Ninth

held that § 1292(b) is "to be used only in exceptional situations in which allowing an

interlocutory appeal would avoid protracted and expensive litigation."  *Id*. at 1026.

RISA argues that this Court should grant its motion for a discretionary appeal

because there is an issue of controlling law, there is substantial ground for difference of

ORDER – 2

opinion, and that such an appeal will materially advance the ultimate termination of this litigation.  Dkt. 68 at 2-6.

First, the Court concludes that the issue for which RISA seeks a discretionary appeal is a controlling question of law.  "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *Cement*, 673 F.2d at 1026.  Here, RISA is seeking to appeal the Court's order which included its interpretation of HUD regulations and the 2006 HUD memo with respect to RISA's compliance with HOPA.  *See* Dkt. 42. If the Ninth Circuit Court of Appeals comes to a different conclusion than this Court did in its interpretation of the regulations and finds that RISA may be in compliance with HOPA, than such conclusion would materially affect the outcome in this case. Accordingly, RISA has met the first element in requesting leave to file a discretionary appeal.

Second, the Court concludes that there is substantial ground for difference of opinion on the interpretation of the HUD regulations and 2006 HUD memo.  RISA argues that the transition period described in the 2006 HUD memo only relates to a community's compliance with the 80-percent requirement and does not relate to the survey requirements.  Dkt. 68 at 3-4.  Although the Court disagrees with RISA's interpretation of the 2006 HUD memo, the Court concludes that there is substantial ground for difference of opinion on the issue and RISA has met this element in seeking an discretionary appeal.

Finally, the Court concludes that an discretionary appeal will materially advance the ultimate termination of the litigation.  RISA asserts that if the Court grants an discretionary appeal on its interpretation of the 2006 HUD Memo and application of the HUD regulations, then the parties will be spared from possibly needless expense because the Ninth Circuit may conclude that RISA may be in compliance with HOPA and many of the issues in the case would be resolved.  Dkt. 68 at 5-6.  Although an discretionary appeal may not resolve all of the issues in this case, the Court concludes that such an

ORDER – 3

1    appeal will materially advance the litigation as it will inform the Court of the Ninth

2    Circuit's position on an issue that materially affects the resolution of the remaining issues.

3                                    **III. ORDER**

4        Therefore, the Court hereby **ORDERS** as follows:

5        (1)    RISA's motion for a discretionary appeal (Dkt 50) is **GRANTED**; and

6        (2)    This case is **STAYED** with the exception of RISA's pending motion for

7               partial summary judgment regarding its authority to enforce bylaws (Dkt.

8               77) which will be decided by the Court; and

9        (3)    The Court will schedule a settlement conference for the parties before a

10              United States Magistrate Judge.

11       DATED this 1st day of September, 2010.

12

13
                                    _____
14                                  BENJAMIN H. SETTLE
                                    United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 4