1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14
15
16
17

RAYMOND T. BALVAGE and
DEBORAH A. BALVAGE, husband and
wife, et al.,

Plaintiffs,

v.

RYDERWOOD IMPROVEMENT AND
SERVICE ASSOCIATION, INC., a
Washington non-profit corporation,

Defendant.

CASE NO. C09-5409BHS

ORDER GRANTING
DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT REGARDING
AUTHORITY TO ENFORCE
BYLAWS

18
19
20
21
22

        This matter comes before the Court on Defendant Ryderwood Improvement and
Service Association, Inc.'s ("RISA") motion for summary judgment regarding authority
to enforce bylaws (Dkt. 77).  The Court has considered the pleadings filed in support of
and in opposition to the motion and the remainder of the file and hereby grants the motion
for the reasons stated herein.

23

## I.  PROCEDURAL AND FACTUAL HISTORY

24
25
26
27

        For a more complete factual background, see the Court's order on the parties'
motions for summary judgment (Dkt. 42).  On August 11, 2010, the Court granted
Plaintiffs' motion for a preliminary injunction.  Dkt. 77.  On August 13, 2010, RISA filed
a notice of appeal on the Court's order granting the preliminary injunction.  Dkt. 79.  On

28

1    August 26, 2010, the Court held a status conference during which counsel for both parties

2    consented to a stay of the case pending RISA's appeal on the preliminary injunction with

3    the exception of the pending instant motion. *See* Dkt. 88 & 92.

4            On August 12, 2010, RISA filed its motion for partial summary judgment

5    regarding authority to enforce bylaws.  Dkt. 77.  On August, 30, 2010, Plaintiffs filed

6    their response to the motion (Dkt. 89) and on September 3, 2010, RISA replied (Dkt. 94).

7                                    **II. DISCUSSION**

8    **A.    Collateral Estoppel**

9            The purpose of the doctrine of collateral estoppel "is to promote the policy of

10   ending disputes, to promote judicial economy, and to prevent harassment of and

11   inconvenience to litigants." *Barlindal v. City of Bonney Lake*, 34 Wn. App. 135, 142

12   (1996).  "Generally, collateral estoppel establishes that 'when an issue of ultimate fact has

13   once been determined by a valid and final judgment, that issue cannot again be litigated

14   between the same parties in any future lawsuit.'" *State v. Mullin-Coston*, 152 Wn.2d 107,

15   113 (2004) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).  Washington courts

16   "apply nonmutual collateral estoppel so long as the party against whom preclusion is

17   sought was a party or in privity with a party to the prior litigation and had a full and fair

18   opportunity to litigate the issue in question." *Mullin-Coston*, 152 Wn.2d at 113-14.

19   Accordingly, collateral estoppel bars subsequent challenges to previously litigated issues

20   if the party seeking to enforce the rule can show that each of the following elements are

21   met:

22            (1) the issue decided in the prior adjudication must be identical with the one
             presented in the second; (2) the prior adjudication must have ended in a
23            final judgment on the merits; (3) the party against whom the plea of
             collateral estoppel is asserted must have been a party or in privity with a
24            party to the prior litigation; and (4) application of [the] doctrine must not
             work an injustice.
25
26   *State v. Bryant*, 146 Wn.2d 90, 98-99 (2002) (internal quotation marks omitted).

27

28

1          **1.      Identical Issues**

2          RISA maintains that this element is clearly met as prior courts have considered the

3   same issue that is present in this case, that is, RISA's authority to enforce the bylaws.

4   Dkt. 77 at 13.  Plaintiffs argue that two of the cases, *Forum* (Dkt. 78-4) and *Allison et al.*

5   *v. RISA* (Cowlitz County Sup. Ct. No. 85-2-00655-1) dealt with substantially different

6   issues than the one present in this case and therefore cannot bar Plaintiffs' current claims.

7   Dkt. 89 at 15-16.  In addition, Plaintiffs assert that this Court's consideration of the

8   holding in *Weaver v. RISA*, 2010 WL 3232358 (Div. 2 2010) (August 17, 2010) "must be

9   weighed against the holdings of the trial court and appellate court in *Weaver v. Goro*"

10  because these courts "have come to different conclusions as to the enforceability of the

11  RISA Bylaws." *Id*. at 16-17.   Plaintiffs do not specifically dispute that the issue in

12  *Weaver v. RISA* is identical with that in the instant case, but rather state that this Court

13  should review the issue *de novo* because *Weaver v. Goro*, 145 Wn. App. 1014 (2008),

14  contradicts the decision in *Weaver v. RISA*.  *Id*.

15         First, the Court concludes that the holding in *Weaver v. RISA*, that RISA's bylaws

16  are covenants enforceable against Ryderwood residents, is identical, for purposes of

17  collateral estoppel, to the issue presented in this case.  Further, the Court does not need to

18  review the issue *de novo* as the *Weaver v. RISA* decision is not contradicted by the

19  holding in *Weaver v. Goro*.  *Weaver v. Goro* involved a piece of property that was not

20  within the original Ryderwood plat and was not developed by Senior Estates.  The issue

21  in that case was whether RISA could enforce its bylaws on property outside Ryderwood

22  based on an express agreement between the property's prior owner and RISA.  The court

23  found that RISA was entitled to enforce its bylaws based on the express agreement.

24  Plaintiffs incorrectly infer that this decision "suggests that the RISA Bylaws are [only]

25  enforceable against properties where some owner in the chain of title specifically

26  requested that the RISA Bylaws apply against his property." Dkt. 89 at 8.  Because the

27  property involved in *Weaver v. RISA*, like the properties involved in the instant suit, was

28

within the Ryderwood plat and was developed by Senior Estates, the holding in *Weaver v. Goro* does not in anyway contradict the holding in *Weaver v. RISA* and is inapposite to the Court's analysis in this case.

Because the Court concludes that the identity of issues element is met by the holding in *Weaver v. RISA*, the Court need not consider the decisions in *Forum* and *Allison*.

**2.      Final Judgment on the Merits**

The parties do not dispute that the Washington State Court of Appeals' decision in *Weaver v. RISA* constitutes a final judgment for purposes of collateral estoppel.

**3.      Privity**

RISA cites cases involving the adjudication of water rights for the principle that courts have, and should, relax the collateral estoppel privity requirement where prior suits have determined property rights.  Dkt. 77 at 15.  RISA states that the previous cases adjudicating RISA's authority to enforce its bylaws, including the *Weaver v. RISA* decision, involved *in rem* obligations as to the property owners and *in rem* rights as to RISA.  *Id*.  Thus, RISA argues, its previously adjudicated right to enforce its bylaws runs to all properties in Ryderwood regardless of who currently owns the property.  RISA asserts that the fact that most of the Plaintiffs in this suit were not parties to the previous suits does not preclude the Court's application of collateral estoppel because such privity should not be required when *in rem* property rights have been previously decided.  RISA maintains that if collateral estoppel is not applicable then each and every homeowner, and subsequent purchaser, would have the right to challenge anew RISA's authority to enforce its bylaws.  Dkt. 94 at 6.  "In short, this case exemplifies why collateral estoppel is appropriate.  Without some principle limiting who can file suit, the standard rules of collateral estoppel would bar no parties, leading to lawsuits *ad infinitum*, excess confusion and the possibility of conflicting interpretations."  *Id*.

1   Plaintiffs argue that the cases cited by RISA involving real property rights in

2   support of its argument that the privity requirement should be relaxed are inapposite.

3   *State v. Terry*, 99 Wn. 1 (1917), involved a piece of property on which a permanent

4   injunction had been issued against operating a brothel and a subsequent owner, who was

5   not served with the permanent injunction, was later enjoined after attempting to operate a

6   brothel.  Plaintiffs argue that this case does not apply because it was the privity of

7   ownership that allowed the injunction to be enforced against the subsequent owner, not a

8   relaxed privity standard.  Dkt. 89 at 18.  In addition, Plaintiffs assert that *Morgan v. Udy*,

9   79 P.2d 295 (1938), a case involving the adjudication of water rights, is inapposite

10  because the opinion specifically limited its reasoning to water rights only.  Dkt. 89 at 18.

11  In *RISA v. Weaver*, the court concluded that RISA had the authority to enforce its

12  bylaws against the Weavers based on the real covenant contained in their deed or,

13  assuming that RISA had failed to comply with the statute of frauds, an equitable covenant

14  based on the Weavers' notice of the covenant.  Id. at *4-6.  Specifically, the court stated

15  that "RISA has demonstrated that it can meet each of the essential elements to establish

16  that its bylaws are enforceable as covenants."  Id. at *6.  Although the Weavers were the

17  only plaintiffs involved in the case, the appellate court was reviewing the trial court's

18  ruling that "RISA's bylaws were covenants enforceable against Ryderwood residents."

19  Thus, both the trial and appellate courts in *Weaver v. RISA* found that RISA's authority to

20  enforce its bylaws was an *in rem* issue that extended to all Ryderwood residents.

21  Therefore, the Court concludes that the privity requirement is met in this case based on

22  *Weaver v. RISA*.

23  **4.   Injustice**

24  Plaintiffs argue that even if RISA is able to establish the first three elements of

25  collateral estoppel it would be "highly inequitable to apply the doctrine against

26  Plaintiffs."  Dkt. 89 at 19.  Plaintiffs base this argument on the fact that only two of the

27  current fifty-four Plaintiffs were parties to the *Weaver v. RISA* suit and that the Weavers

28

1    were not represented by counsel for a majority of the case.  *Id*.  In addition, Plaintiffs state

2    that the instant case, involving interrelated questions of state and federal law, was filed

3    before the final judgment was issued in *Weaver v. RISA* and that this Court "is the proper

4    forum in which all of Plaintiffs' claims should be decided."  *Id*.

5         The issue of RISA's authority to enforce its bylaws has now been fully litigated in

6    multiple previous lawsuits and recently in the case of *Weaver v. RISA*.  The fact that the

7    Weavers represented themselves on appeal in the previous suit does not preclude the

8    application of collateral estoppel here. This is especially true when the Weavers were

9    represented at the trial court level and the appellate court affirmed what the lower court

10   had held, that RISA can enforce its bylaws as covenants.  In addition, there is no injustice

11   in applying collateral estoppel to prevent the fifty-four plaintiffs in this suit from

12   relitigating an *in rem* issue already decided in *Weaver v. RISA*.  The court held that the

13   bylaws are enforceable as covenants that run with the land, therefore, the properties that

14   are at issue in this suit were already included in the previous court's decision.

15   Accordingly, the Court concludes that the application of collateral estoppel will not result

16   in an injustice.  Rather, an injustice would occur if current and future Ryderwood

17   residents were allowed to continually challenge RISA's authority to enforce its bylaws.

18   **B.    Bylaws Enforceable as Covenants**

19        A covenant is defined as "[a]n agreement of promise of two or more parties that

20   something is done, will be done, or will not be done.  In modern usage, the term covenant

21   generally describes promises relating to real property that are created in conveyances or

22   other instruments."  *Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 690 (1999) (internal

23   quotation marks omitted).  "There are essentially two kinds of covenants that run with the

24   land – real covenants and equitable covenants."  *Id*.

25             Even though the Washington courts have not generally distinguished
              between "real covenants" and "equitable restrictions," the Washington
26            Supreme Court has formulated the elements of a servitude in two ways.  It
              has said that a 'real covenant' runs with the land if the following conditions
27            are met:

28

ORDER - 6

"(1) the covenant[] must have been enforceable between the original parties, such enforceability being a question of contract law except insofar as the covenant must satisfy the statute of frauds; (2) the covenant must "touch and concern" both the land to be benefitted and the land to be burdened; (3) the covenanting parties must have intended to bind their successors in interest; (4) there must be vertical privity of estate, *i.e.*, privity between the original parties to the covenant and the present disputants; and (5) there must be horizontal privity of estate, or privity between the original parties."

*Lake Limerick Country Club v. Hunt Mfg. Homes, Inc.*, 120 Wn. App. 246, 254 (2004) (quoting *Lake Arrowhead Cmty. Club, Inc. v. Loony*, 112 Wn.2d 288, 294-95) (internal footnote omitted).

The court also has said that an "equitable restriction" runs with the land if the following elements are met:
"(1) a promise, in writing, which is enforceable between the original parties; (2) which touches and concerns the land or which the parties intend to bind successors; and (3) which is sought to be enforced by an original party or a successor, against an original party or successor in possession; (4) who has notice of the covenant."

*Lake Limerick*, 120 Wn. App. at 254 (quoting *Hollis v. Garwall*, 137 Wn.2d 683, 691 (1999)).

Even assuming that collateral estoppel does not preclude Plaintiffs in this action from seeking to prevent RISA from enforcing its bylaws against them, the Court adopts the reasoning of the Washington Appellate court in *Weaver v. RISA* and concludes that the bylaws are enforceable as covenants. *Id.* at **4-6.

### III. ORDER

Therefore, the Court concludes that RISA's motion for partial summary judgment regarding authority to enforce bylaws (Dkt. 77) is **GRANTED**.

DATED this 21st day of September, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 7