UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND T. BALVAGE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>RYDERWOOD IMPROVEMENT AND SERVICE ASSOCIATION, INC.,<br><br>　　　　　　Defendant. | CASE NO. C09-5409 BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND |

　　This matter comes before the Court on Plaintiffs' motion for leave to amend (Dkt. 151). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

　　Because the parties and the Court are familiar with the history of this case, the Court will focus on the history relevant to the instant motion. On August 28, 2012, the Court issued a scheduling order setting the deadline for amended pleadings as October 9, 2012. Dkt. 150.

On September 20, 2012, Plaintiffs filed a motion to amend their complaint. Dkt. 151. Plaintiffs sought to remove two named plaintiffs that have passed away and add an additional claim for violations of 42 U.S.C. § 3617. *Id.* On October 1, 2012, Defendant Ryderwood Improvement snd Service Association, Inc. ("Ryderwood") responded. Dkt. 152. On October 5, 2012, Plaintiffs replied (dkt. 154) and submitted four declarations in support of their motion (Dkts. 155, 156, 157, & 158). On October 10, 2012, Ryderwood filed a surreply. Dkt. 160. On October 11, 2012, Plaintiffs filed a motion to strike the surreply because it is overlength. Dkt. 163.

## II.  DISCUSSION

The standard at this point of the proceeding is whether there are sufficient *allegations* to support a claim for relief. Plaintiffs' new claim is allegedly based on conduct that has occurred subsequent to the filing of the operative complaint on file (Dkt. 41). Plaintiffs, however, have failed to include any additional factual allegations in their proposed amended complaint to support their new claim. *Compare* Dkt. 41, ¶¶ 37–70 *with* Dkt. 151, Exh. A, ¶¶ 35–68. Ryderwood correctly points out that the proposed amended complaint fails to allege new facts. Dkt. 152. To overcome this failure, Plaintiffs improperly submitted new evidence with their reply brief, which led to both requests to strike. Regardless of the procedural improprieties, the operative elements of an amended complaint have been presented to the Court through factual allegations (Dkts. 155, 156, 157, & 158) and sufficient notice of a new cause of action (*see* Fed. R. Civ. P. 8). Ryderwood raises two arguments against allowing theses amendments, undue delay and prejudice. Dkt. 152 at 7–12.

1   First, Ryderwood's undue delay argument is based on Plaintiffs' failure to add new factual allegations. Ryderwood was correct until Plaintiffs supplemented the record and put Ryderwood and the Court on notice of the factual allegations they contend support their claim for relief.

Second, Ryderwood claims that it would be prejudiced because discovery "will balloon exponentially . . . ." Dkt. 152 at 9. Additional discovery is rarely, if ever, a reason to deny leave to amend a complaint before the proper deadline set by the Court in its scheduling order. Moreover, there are more appropriate ways to accommodate a party's failure to complete discovery despite diligent efforts to abide by the Court's deadlines.

Therefore, the Court grants Plaintiffs' leave to amend their complaint consistent with this order. The proposed amended complaint is deficient on its face and must include factual allegations as set forth in the declarations submitted to the Court.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to amend (Dkt. 151) is **GRANTED** and Plaintiffs must file an amended complaint no later than November 2, 2012.

Dated this 26th day of October, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge