THE HONORABLE BENJAMIN H. SETTLE

1

2

3

4

5

6

7  UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8  AT TACOMA

9  RAYMOND T. BALVAGE and DEBORAH
A. BALVAGE, husband and wife;
10  CHARLES E. WEAVER and SUSAN M.
WEAVER, husband and wife; JOYCE
11  MARIE ADAMS; LUVERN HARLAND
ALLEN; JAMES ALVIN BAKER and
12  DARLA JEAN BAKER, husband and wife;
RALPH ALVIN BARFELL, JR.; SHARON
13  MARIE BANTA; JANIE KAY BODINE;
RICHARD ANTHONY BRAGA, JR. and
14  MARGARET LOUISE BRAGA, husband
and wife; CHARLES THOMAS
15  CALDWELL and SANDI KAY
CALDWELL, husband and wife; LAREN
16  WILLBUR COLEMAN and PAMELA
DENISE COLEMAN, husband and wife;
17  ALVIN DEE COLPITTS and CORABELLE
COLPITTS, husband and wife; BETTY
18  GENE DONOGHUE; JOYCE ELAIN
FISCHER; GLENN RICHARD HUESTIS
19  and CAROL NADINE HUESTIS, husband
and wife; BARBARA JEAN JOY; MIRIAM
20  MARGARET KENNEDY-ALLEN;
GERALD BLAIR KOLB; ALFRED
21  WESLEY LEACH and GLORIA EILEEN
LEACH, husband and wife; RAYMOND
22  ERNEST MORRIS and CAROLYN L.
MORRIS, husband and wife; KAREN
23  CAMPBELL; BOB PISTONE and DORIS
PISTONE, husband and wife; VERN
24  POWELL and SHARON POWELL,
husband and wife; CHARLES JOHN
25  SANTINEAU; BARBARA LOUISE
PEPPER; LUCAS JOHN SHIMMIN; DON
26  SMITH and DIANE SMITH, husband and
wife; DONALD NEIL STROUD and
27  SHARON LEE STROUD, husband and

No. 3:09-cv-05409-BHS

**PLAINTIFFS' THIRD AMENDED
COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT
AND OTHER CLAIMS**

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  wife; WALTER GORDON WEST and
2  JANET MARIE WEST, husband and wife;
   BEVERLY WHITE; BOB WHITE and
3  DIANE WHITE, husband and wife;

                                    Plaintiffs,

4          v.

5  RYDERWOOD IMPROVEMENT AND
   SERVICE ASSOCIATION, INC., a
6  Washington non-profit corporation,

7                                   Defendant.

8

9          All Plaintiffs named above allege and state as follows:

10                        I.      PARTIES

11         1.      Plaintiffs Raymond T. Balvage and Deborah A. Balvage are husband and wife

12  and own real property located at 300 Taylor Street, Ryderwood, Washington 98581, which is

13  specifically described as "Lot 9, Block 17, Ryderwood No. 1, according to the plat thereof,

14  recorded in Volume 8 of plats, page 54, records of Cowlitz County, Washington.  Together

15  with that portion of vacated Third Street which attaches by Order of Vacation under Resolution

16  No. 98-028 under AF #3012253."  All actions alleged herein were taken by the Balvages on

17  their behalf individually or on behalf of their marital community.

18         2.      Plaintiffs Charles E. Weaver and Susan M. Weaver are husband and wife and

19  own real property located at 305 Jackson Street, Ryderwood, Washington 98581, which is

20  specifically described as "Lot 6, Block 17 of Subdivision; Plat of Ryderwood No. 1, Volume 8,

21  page 54, Assessor Tax Parcel No. WN0320237 situated in the County of Cowlitz."  All actions

22  alleged herein were taken by the Weavers on their behalf individually or on behalf of their

23  marital community.

24         3.      Plaintiff Joyce Marie Adams owns the real property and house located at 104

25  Monroe Street, Ryderwood, Washington 98581.

26         4.      Plaintiff Luvern Harland Allen owns the real property and house located at 302

27  Taylor Street, Ryderwood, Washington 98581.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 2
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

5.      Plaintiffs James Alvin Baker and Darla Jean Baker, husband and wife, own the real property and house located at 303 Taylor Street, Ryderwood, Washington 98581.   All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

6.      Plaintiffs Alvin Barfell, Jr. and Sharon Marie Banta jointly own the real property and house located at 212 Monroe Street, Ryderwood, Washington 98581.

7.      Plaintiff Janie Kay Bodine owns the real property and house located at 301 Taylor Street, Ryderwood, Washington 98581.

8.      Plaintiffs Richard Anthony Braga, Jr. and Margaret Louise Braga, husband and wife, own the real property and house located at 503 Morse, Ryderwood, Washington 98581. All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

9.      Plaintiffs Charles Thomas Caldwell and Sandi Kay Caldwell, husband and wife, own the real property and house located at 515 Monroe, Ryderwood, Washington 98581.   All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

10.     Plaintiffs Laren Willbur Coleman and Pamela Denise Coleman, husband and wife, own the real property and house located at 209 Monroe, Ryderwood, Washington 98581. All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

11.     Plaintiffs Alvin Dee Colpitts and Corabelle Colpitts, husband and wife, own the real property and house located at 109 Madison Street, Ryderwood, Washington 98581.   All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

12.     Plaintiff Betty Gene Donoghue owns the real property and house located at 100 Monroe, Ryderwood, Washington 98581.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 3
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

13.     Plaintiff Joyce Elain Fischer owns the real property and house located at 302 Jackson Street, Ryderwood, Washington 98581.

14.     Plaintiffs Glenn Richard Huestis and Carol Nadine Huestis, husband and wife, own the real property and house located at 201 Taylor Street, Ryderwood, Washington 98581. All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

15.     Plaintiff Barbara Jean Joy owns the real property and house located at 615 Monroe, Ryderwood, Washington 98581.

16.     Plaintiff Miriam Margaret Kennedy-Allen owns the real property and house located at 415 Monroe, Ryderwood, Washington 98581.

17.     Plaintiff Gerald Blair Kolb owns the real property and house located at 203 Taylor Street, Ryderwood, Washington 98581.

18.     Plaintiffs Alfred Wesley Leach and Gloria Eileen Leach, husband and wife, own the real property and house located at 215 Morse Street, Ryderwood, Washington 98581.  All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

19.     Plaintiffs Raymond Ernest Morris and Carolyn L. Morris, husband and wife, husband and wife, own the real property and house located at 401 Taylor Street, Ryderwood, Washington 98581.  All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

20.     Plaintiff Karen Campbell owns the real property and house located at 205 Jackson, Ryderwood, Washington 98581.

21.     Plaintiffs Bob Pistone and Doris Pistone, husband and wife, own the real property and house located at 200 Jackson, Ryderwood, Washington 98581.  All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 4
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

22.     Plaintiffs Vern Powell and Sharon Powell, husband and wife, own the real property and house located at 500 Morse, Ryderwood, Washington 98581.  All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

23.     Plaintiffs Charles John Santineau and Barbara Louise Pepper jointly own the real property and house located at 304 Taylor Street, Ryderwood, Washington 98581.

24.     Plaintiff Lucas John Shimmin owns the real property and house located at 300 Jackson Street, Ryderwood, Washington 98581.

25.     Plaintiffs Don Smith and Diane Smith, husband and wife, own the real property and house located at 208 Monroe, Ryderwood, Washington 98581.  All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

26.     Plaintiffs Donald Neil Stroud and Sharon Lee Stroud, husband and wife, own the real property and house located at 213 Taylor, Ryderwood, Washington 98581.  All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

27.     Plaintiffs Walter Gordon West and Janet Marie West, husband and wife, own the real property and house located at 305 Taylor Street, Ryderwood, Washington 98581.  All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

28.     Plaintiff Beverly White owns the real property and house located at 102 Monroe, Ryderwood, Washington 98581.

29.     Plaintiffs Bob White and Diane White, husband and wife, own the real properties and houses located at 312 Jackson Street and 204 Monroe Street, Ryderwood, Washington 98581.   All actions of them alleged herein were taken on behalf of them individually and on behalf of their marital community.

30.     Defendant Ryderwood Improvement and Service Association, Inc. ("RISA") is a non-profit corporation, which is incorporated in Washington and does business in Cowlitz

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 5
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

County, Washington. All actions and conduct described herein as taken by or conducted by RISA also include the actions and conduct by or of RISA's officers, members, agents, and other representatives.

## II.    JURISDICTION AND VENUE

31.    The Court has jurisdiction over the parties and issues involved in this lawsuit. Subject matter jurisdiction exists under 28 U.S.C. Section 1331 since this case involves substantial issues of federal law, including claims related to violations of the federal Fair Housing Act as stated below. The Court also has supplemental jurisdiction over the state law and other claims asserted in this Complaint. Defendant RISA resides in and conducts business in Cowlitz County, Washington. Plaintiffs reside in or own real property in Cowlitz County, Washington.

32.    Venue is proper in this Court under 28 U.S.C. Section 1391 since defendant resides in this judicial district, the events giving rise to the claims stated herein occurred in this judicial district, real property which is the subject of this action is situated in this judicial district, and other reasons.

## III.    FACTS

33.    Ryderwood is a residential community located in Cowlitz County, Washington.

34.    In the 1950's, Senior Estates, Inc. ("Senior Estates") developed certain parcels within Ryderwood.

35.    Attached to the deed of each of the Senior Estates' parcels were certain covenants, conditions and reservations ("CC&Rs"). These CC&Rs expired by their own terms on July 1, 1975.

36.    The CC&Rs imposed by Senior Estates on those parcels that it developed prior to 1970 provide that one purpose of the development was to create a "community to be occupied by and for the use and benefit of persons who are bona fide recipients of a pension or retirement annuity."

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 6
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

37.   In 1953, Senior Estates formed RISA to manage certain services for the Ryderwood community.  Membership in RISA is voluntary.

38.   By 1975, the water, sewer and garbage facilities maintained by RISA had deteriorated to the point that they posed a serious health and safety hazard to the residents. Ryderwood residents successfully petitioned Cowlitz County to form a Utility Limited Improvement District.  As a result, RISA no longer could fulfill its stated purposes.

39.   On July 1, 1975, the CC&Rs for those parcels developed and sold by Senior Estates prior to 1970 expired by their own terms.

40.   On August 14, 1975, RISA's Board adopted new Bylaws that set forth, in substance, the expired CC&Rs (the "Subject Bylaws").  Also on August 14, 1975, RISA filed the Subject Bylaws with the County Auditor.

41.   RISA obtained from certain parcel owners a document agreeing that the CC&Rs contained in the Bylaws would "be a permanent part and encumbrance on said deed" that could be removed "only by the consent of both the owners of record" and RISA (which document is referred to herein as the "Enforcement Agreement").

42.   None of the Plaintiffs (or their predecessors-in-interest) signed an Enforcement Agreement.

43.   Since August 14, 1975, RISA has sought to enforce the CC&Rs contained in its Bylaws against all parcel owners in Ryderwood, regardless of whether RISA obtained an Enforcement Agreement from that parcel owner or that parcel owner's predecessor in interest. RISA has relied on the Subject Bylaws as a basis for preventing Plaintiffs from selling their real property, for charging Plaintiffs fees for services they neither requested nor used, and for engaging in discriminatory and retaliatory conduct against Plaintiffs.

44.   When they purchased their property, some or all Plaintiffs became members of RISA by signing a Certificate of Membership.  The Certificate of Membership did not meet the formal requirements of a deed and contained no language limiting the Plaintiffs' ability to withdraw from RISA.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

45.     Plaintiffs have withdrawn and resigned from their membership in RISA. However, RISA continues to bill Plaintiffs for certain fees.

46.     RISA has filed liens against the properties of some or all Plaintiffs for unpaid fees, even though they withdrew and resigned from RISA.

47.     In addition to setting forth the substance of certain Senior Estate CC&Rs, RISA adopted rules for the ownership or purchase of a home in Ryderwood.

48.     RISA's rules provide that the owner or purchaser must be "a bona-fide recipient of an annuity or a pension;" that such person "must not be less than fifty-five years of age"; and that there must be "no additional, permanent occupants of the home (other than the spouse) who do not meet the above requirements."

49.     RISA controls the sale of property within Ryderwood and engages in conduct to limits sales to persons who are 55 years of age or older and have no family members less than 18 years old.

50.     The federal Fair Housing Act prohibits discrimination based on familial status. "Familial status" generally refers to families having one or more persons who have not attained the age of 18 years.  Prohibited conduct under the Fair Housing Act is described in 42 U.S.C. § 3601, *et seq.* and related federal regulations.

51.     RISA presently engages in conduct and in the past has repeatedly engaged in conduct which violates and is prohibited by the Fair Housing Act and related federal regulations.  The following are examples of such prohibited conduct.

52.     Under the Fair Housing Act and related federal regulations, it is unlawful to engage in any conduct relating to the providing of housing which makes dwellings unavailable or denies dwellings to persons because of familial status.  RISA presently engages in such conduct and has done so for numerous years.

53.     Based on the Fair Housing Act and related federal regulations, it is unlawful for RISA to make, print or publish any notices, statements or advertisements with respect to the sale of dwellings that indicates preferences, limitations or discrimination because of familial

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 8
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  status or an intent to make such preference, limitation or discrimination.  RISA does this

2  presently and has done so for numerous years.

3          54.     Under the Fair Housing Act and related federal regulations, it is unlawful to

4  provide inaccurate or untrue information about the availability of dwellings for sale because of

5  familial status, or to enforce purported covenants or deed provisions which preclude the sale of

6  dwellings due to familial status.  RISA does this presently and has done this for numerous

7  years.  For example, RISA represents to real estate agents and escrow companies that

8  Ryderwood's age restrictions are applicable and legal.

9          55.     Under the Fair Housing Act and related federal regulations, it is illegal to

10 enforce covenants in order to preclude the sale of property based on familial status.  RISA does

11 this presently and has done this for numerous years.

12         56.     Under the Fair Housing Act and related federal regulations, it is illegal to

13 threaten, intimidate or interfere with any person in their enjoyment of their dwelling because of

14 their familial status.  RISA does this presently and has done this for numerous years.  For

15 example, RISA refused to permit Charles Weaver's son to reside with him, even though he

16 shared joint custody of him with his former wife.

17         57.     An exemption exists for the compliance with certain aspects of the Fair Housing

18 Act based on the Housing for Older Persons Amendment ("HOPA"), as stated in 42 U.S.C. §

19 3607 and related federal regulations.  HOPA and related federal regulations set forth strict

20 requirements for compliance with HOPA.

21         58.     RISA is not presently and has never been compliant with the requirements of

22 HOPA.

23         59.     The Department of Housing and Urban Development, RISA Board members,

24 counsel for RISA, and others have repeatedly told RISA it is not compliant with HOPA.  Even

25 after these notifications, RISA has continued to engage in conduct in violation of the Fair

26 Housing Act and related federal regulations.

27

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 9
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

60.     A facility or community must regularly audit its members to insure it is complying with the age requirement in order to comply with HOPA.   This requires the conducting of surveys every two years.   RISA does not satisfy and has not satisfied this requirement for numerous years.

61.     HOPA and its related federal regulations, including through interpretation of HUD, set forth very strict requirements regarding when a housing facility or community (which is not HOPA compliant) can be converted to one which is HOPA compliant.   RISA has never satisfactorily complied or satisfied these requirements for conversion.

62.     RISA and its representatives have repeatedly made statements to Plaintiffs, including at the time of Plaintiffs' purchase of their property and subsequently, that RISA is and has been HOPA compliant.   RISA has deceived Plaintiffs since RISA is not and has never been HOPA compliant.

63.     RISA has caused damages and injuries to Plaintiffs based on RISA's wrongful acts described herein.   These damages and injuries include but are not limited to the wrongful filing of the Subject Bylaws and liens on the real property of Plaintiffs, which wrongfully cloud the title of the real property of Plaintiffs.   RISA's conduct prevents and impairs and has prevented and impaired Plaintiffs' abilities to sell their homes.

64.     The Plaintiffs wish to sell their homes and move away from Ryderwood.   The Plaintiffs suffer ongoing injuries arising out of the conundrum they face in selling their homes. For example, local real estate agents will not list Plaintiffs' properties for sale to the general public, only for sale to persons aged 55 and older.   Plaintiffs do not believe that such familial status discrimination is enforceable.   Thus, Plaintiffs must either remain in homes they wish to sell or expose themselves to liability for violation of anti-discrimination statutes.   Also, Plaintiffs face liability for potential misrepresentations being made to future buyers.

65.     Plaintiffs have been damaged by the wrongful billing by RISA for fees which are not owed and by the subsequent filing of related improper liens.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 10
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

66.     Due to Plaintiffs' claims and statements that RISA is not HOPA compliant, RISA is wrongfully discriminating, and RISA is otherwise in violation of the Fair Housing Act, RISA and its representatives and members have wrongfully threatened, intimidated, interfered with and harassed Plaintiffs.   RISA has caused others to wrongfully threaten, intimidate, interfere with and harass Plaintiffs and has failed to take appropriate actions to prevent its members from engaging in such actions.   These wrongful actions have included (and continue to include) but are not limited to:

a.     Threats of serious physical harm, such as death threats, running off the road, threatening with firearms, and others;

b.     Wrongfully preventing or impairing Plaintiffs' ability to sell or purchase their houses;

c.     Wrongfully denying services and access to common areas to Plaintiffs while still billing them for the services and use of common areas;

d.     Wrongfully imposing monetary fines on Plaintiffs;

e.     Wrongfully filing liens on the real property of Plaintiffs and actions to enforce or realize upon such liens;

f.     Selectively enforcing the no residents under 55 policy against Plaintiffs while not enforcing it against non-Plaintiffs members of RISA or its board members;

g.     Wrongfully taking actions to restrict the free speech of Plaintiffs;

h.     The conduct described herein in other paragraphs; and

i.     Other actions.

This wrongful and illegal conduct is continuing.


### IV.     FIRST CLAIM FOR RELIEF:
### VIOLATIONS OF FEDERAL FAIR HOUSING ACT

67.     Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 11
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

68.     The actions described herein by RISA constitute violations of the federal Fair Housing Act, as stated in 42 U.S.C. Section 3601, *et seq.* and related federal regulations.  These violations include but are not limited to discrimination on the basis of familial status, and violations of sections 3604(c) and (d) and related federal regulations.  RISA engaged in conduct relating to the providing of housing which made dwellings unavailable and denied dwellings to persons because of familial status.  RISA made, printed or published, or caused to be made, printed and published, notices, statements and advertisements with respect to the sale of dwellings that indicated preferences, limitations, or discrimination because of familial status or an intent to make such preference, limitation, or discrimination.  RISA unlawfully provided inaccurate or untrue information about the availability of dwellings for sale because of familiar status, and RISA enforced purported covenants or deed provisions which preclude the sale of dwellings due to familial status.

69.     RISA's actions are not exempt under HOPA for numerous reasons, including but not limited to reasons stated herein.

70.     As described herein, RISA's actions have caused damages and injuries to Plaintiffs.  These damages and injuries include but are not limited to the clouding of their title to their real property by the filing of false and improper restrictions and liens; the prevention and restriction of Plaintiffs from selling their dwellings and real property; actual and economic losses; emotional distress injuries; attorneys fees and costs; and others.  Section 3613(c) of the federal Fair Housing Act provides for the recovery of attorneys' fees and costs.

71.     Consistent with 42 U.S.C. Section 3613(c) and otherwise, Plaintiffs seek to recover nominal damages, punitive damages, their attorneys fees and costs, and other relief. Additionally, as further described herein, Plaintiffs request the Court grant declaratory relief and injunctive relief which enjoins RISA from engaging in such discriminatory practices in  the future; compels RISA to withdraw the improper and illegal clouds and liens on their properties; and grants other appropriate relief.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 12
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

## V.    SECOND CLAIM FOR RELIEF:  DECLARATORY RELIEF

72.    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

73.    **Legal Bases for Declaratory and Injunctive Relief.**    Justiciable and real controversies and disputes exist between the parties with respect to the issues discussed below and herein.  Numerous legal bases exist for the Court to grant declaratory and injunctive relief regarding these disputes.

74.    As discussed above, under the federal Fair Housing Act and 42 U.S.C. § 3613(c), the Court:  "may grant as relief, as the Court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)."

75.    Under RCW 49.60.224, any provision in a written instrument relating to real property is void which purports to forbid or restrict the conveyance, encumbrance, or occupancy thereof to individuals of a specified families with children status and every condition, restriction or prohibition which directly or indirectly limits the use or occupancy of real property on the basis of families with children status.  RCW 49.60.227 states that, if a written instrument contains a provision that is void by reason of RCW 49.60.224, the owner which is subject to the provision may bring a declaratory judgment action involving the striking and eliminating of the void provisions.

76.    As described above, the Subject Bylaws were wrongfully filed as part of the public real property records by RISA.  RISA was a non property owner which had no authority to file the Subject Bylaws.  The Subject Bylaws were not signed by or agreed to by Plaintiffs (or their predecessors-in-interest).  The Subject Bylaws violated the statute of frauds.  Actual and justiciable controversies presently exist between the parties as to whether it was proper and legal for the Subject Bylaws to be filed in the public real property records and whether the By-laws are enforceable against Plaintiffs and subsequent purchasers.  Additionally, membership in RISA is voluntary.  Plaintiffs had every right to withdraw and resign from RISA, and upon

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 13
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

1  such withdrawal and resignation, Plaintiffs were not obligated to pay fees to RISA.  It was

2  wrongful for RISA to file liens on real property owned by Plaintiffs related to fees which RISA

3  wrongfully claims are owed by Plaintiffs.  Actual and justiciable controversies presently exist

4  between the parties as to whether such fees were owed by Plaintiffs and whether it was proper

5  for RISA to file related liens.  Judicial determination regarding these controversies will be final

6  and conclusive and will terminate the controversies and remove and terminate uncertainties

7  related to the controversies.

8      77.   **Declaratory and Injunctive Relief Sought.**  Plaintiffs request that the Court

9  order the following declaratory and injunctive relief:

10      a.   Declaring the Subject Bylaws filed by RISA in the public real property

11  records are void and have no legal binding effect on Plaintiffs and on their real property.

12      b.   Ordering RISA to take immediate action to rescind and withdraw such

13  filings from the public real property records.

14      c.   Declaring RISA is not presently and has never been compliant with

15  HOPA.

16      d.   Declaring RISA has engaged in discriminatory acts and practices based

17  on familial status in violation of the Federal Fair Housing Act.

18      e.   Ordering RISA to cease making or publishing or causing to be made or

19  published any statements, notices, advertisements or other form of representations that

20  RISA is presently or has ever been HOPA compliant.

21      f.   Ordering RISA to cease making or publishing or causing to be made or

22  published any statements, notices, advertisements or other form of representations that

23  any age restriction whatsoever exists with respect to the real properties owned by

24  Plaintiffs.

25      g.   Ordering RISA to send a letter to all licensed real estate agencies within

26  50 miles of Ryderwood advising such agencies that sales and rental of homes in

27

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 14
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

Ryderwood is open to all persons, including families with children and persons under the age of 55.

h.      Ordering RISA is prohibited from it or any of its members or representatives engaging in any future harassment, intimidation, or threatening conduct of any kind against Plaintiffs, which in any way relates to Plaintiffs resigning from RISA or their statements or contentions that RISA is not HOPA compliant and that the age restrictions are unlawful.

i.      Declaring that Plaintiffs are legally entitled to resign from RISA, and upon such resignation, they are no longer obligated to pay fees to RISA.

j.      Ordering RISA to immediately rescind or otherwise withdraw from public real property records any liens filed by RISA which relate to any prior nonpayment of fees by Plaintiffs following their resignation from RISA.

k.      Declaring and ordering further declaratory and injunctive relief as the Court deems just and appropriate.

### VI.      THIRD CLAIM FOR RELIEF: VIOLATIONS OF 42 U.S.C. § 3617

78.      Plaintiffs reallege and incorporate by reference all allegations contained in the preceding paragraphs of this pleading.

79.      After Plaintiffs raised objections and/or after Plaintiffs had made claims that RISA was not HOPA compliant or was engaging in unlawful discrimination under the federal Fair Housing Act or other applicable laws, RISA acted wrongfully and unlawfully by taking actions, by causing or allowing others to take actions, and/or in not preventing or dissuading others from taking actions to retaliate against Plaintiffs and to otherwise take actions which were or are in violation of 42 U.S.C. § 3617.  42 U.S.C. § 3617 states:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 3603, 3604, 3605, or 3606 of this title.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 15
No. 3:09-cv-05409-BHS

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

124215.0001/5488666.2

80.     Such wrongful and unlawful conduct included and continues to include but was and is not limited to:

a.      Threats of serious physical harm, such as death threats, running off the road, threatening with firearms, and others;

b.      Wrongfully preventing or impairing Plaintiffs' ability to sell or purchase their houses;

c.      Wrongfully denying services and access to common areas to Plaintiffs while still billing them for the services and use of common areas;

d.      Wrongfully imposing monetary fines on Plaintiffs;

e.      Wrongfully filing liens on the real property of Plaintiffs and actions to enforce or realize upon such liens;

f.      Selectively enforcing the no residents under 55 policy against Plaintiffs while not enforcing it against non-Plaintiffs members of RISA or its board members;

g.      Wrongfully taking actions to restrict the free speech of Plaintiffs;

h.      The conduct described herein in other paragraphs; and

i.      Other actions.

81.     These wrongful actions were done and are continuing to be done by RISA, its board members, its members, and others (who RISA aided or encouraged or otherwise caused to do).  RISA as an association knew or should have known of these retaliatory and wrongful and unlawful actions, and RISA failed to take action to prevent them or try to prevent them. These wrongful and unlawful actions were intentionally done in an effort to prevent or impair Plaintiffs' efforts to prevent discrimination.  These actions were done for purposes of and constituted coercion, intimidation, threats and interference of Plaintiffs in their exercise or enjoyment of Plaintiffs' rights and in Plaintiffs' efforts to aid and encourage other persons in the exercise or enjoyment of their rights.  Plaintiffs were members of the protected class of persons protected by the federal Fair Housing Act and/or were aiding and encouraging other persons in the exercise or enjoyment of their rights under the federal Fair Housing Act.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 16
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

82.     Such wrongful and unlawful conduct was the actual cause and proximate cause of injuries and damages to Plaintiffs.  Plaintiffs' injuries and damages include but are not limited to emotional distress, medical bills, other financial loss, and others.

83.     Plaintiffs seek recovery of their actual damages, punitive damages, and their attorneys' fees and costs, all of which are recoverable under the federal Fair Housing Act, including but not limited to as provided in 42 U.S.C. § 3613.  RISA's wrongful and illegal actions were done in bad faith and with malice, and were so reckless, callous and egregious, that an award of punitive damages is appropriate.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request the Court enter a judgment granting relief in favor of Plaintiffs and against defendant RISA and entering orders granting the following relief:

1.     An award of actual damages;

2.     Alternatively, an award of nominal damages;

3.     An award of punitive damages pursuant to the federal Fair Housing Act;

4.     An order or orders granting appropriate declaratory and injunctive relief, including the declaratory and injunctive relief described in Section V and otherwise herein;

5.     An award of Plaintiffs' attorneys' fees and costs incurred herein, based on all legal bases for such recovery stated herein and as otherwise recoverable under applicable law; and

6.     All other relief the Court deems just and appropriate.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 17
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1    DATED this 2nd day of November, 2012.

2                                        LANE POWELL PC

3

4                                        By  s/ Joseph E. Lynam
                                         By  s/ Abraham K. Lorber
5                                            Joseph E. Lynam, WSBA No. 12728
                                             Abraham K. Lorber, WSBA No. 40668
6
                                             Lane Powell PC
7                                            1420 Fifth Avenue, Suite 4100
                                             Seattle, Washington 98101-2338
8                                            Telephone:  (206) 223-7000
                                             Facsimile:   (206) 223-7107
9                                            Email:       lynamj@lanepowell.com
                                             Email:       lorbera@lanepowell.com
10
                                             Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF          **LANE POWELL** PC
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 18              1420 FIFTH AVENUE, SUITE 4100
No. 3:09-cv-05409-BHS                                      SEATTLE, WASHINGTON  98101-2338
                                                           206.223.7000 FAX: 206.223.7107
124215.0001/5488666.2

1

## **CERTIFICATE OF SERVICE**

2

I certify that on the date indicated below, I caused the foregoing document to be filed

3

with the Clerk of the Court via the CM/ECF system.  Pursuant to their ECF agreement, the

4

Clerk will send notice of this filing to the following persons via e-mail:

5

6
        Steven Goldstein
        Richard Ross

7
        Betts, Patterson & Mines, P.S.
        One Convention Place, Suite 1400
        701 Pike St.

8
        Seattle, WA 98101
        sgoldstein@bpmlaw.com

9
        rross@bpmlaw.com

10

I declare under penalty of perjury and the laws of the United States that the foregoing is

11

true and correct to the best of my knowledge.

12

SIGNED November 2, 2012 at Seattle, Washington.

13

14
                         *s/ Joseph E. Lynam*

15
                         Joseph E. Lynam, WSBA No. 12728
                         Lane Powell PC

16
                         1420 Fifth Avenue, Suite 4100
                         Seattle, Washington 98101-2338

17
                         Telephone:  (206) 223-7000
                         Facsimile:  (206) 223-7107

18
                         Email:  lynamj@lanepowell.com

19

20

21

22

23

24

25

26

27

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FAIR HOUSING ACT AND OTHER CLAIMS - 19
No. 3:09-cv-05409-BHS
124215.0001/5488666.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107