1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND T. BALVAGE, et al.,

                    Plaintiffs,

v.

RYDERWOOD IMPROVEMENT AND
SERVICE ASSOCIATION, INC.,

                    Defendant.

CASE NO. C09-5409 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendant Ryderwood Improvement and

Service Association, Inc.'s ("RISA") motion for summary judgment (Dkt. 210). The

Court has considered the pleadings filed in support of and in opposition to the motion and

the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

Some of the properties in Ryderwood were sold subject to certain covenants and

restrictions.  Dkt. 169, ¶ 35.  Plaintiffs alleged that their properties were not subject to

these restrictions, but that they signed Certificates of Membership in RISA when they

bought their properties.  *Id*., ¶¶ 42, 44.  On September 21, 2010, the Court granted

RISA's motion for partial summary judgment concluding that RISA's bylaws were

enforceable against Plaintiffs as covenants.  Dkt. 100.

On May 29, 2013, RISA filed a motion for partial summary judgment requesting that the Court grant it judgment on the second counterclaim for the collection of unpaid dues.  Dkt. 210.  On June 17, 2013, Plaintiffs responded.  Dkt. 224.  On June 20, 2013, RISA replied.  Dkt. 228.

## II. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

1    The determination of the existence of a material fact is often a close question. The

2    Court must consider the substantive evidentiary burden that the nonmoving party must

3    meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

4    U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

5    issues of controversy in favor of the nonmoving party only when the facts specifically

6    attested by that party contradict facts specifically attested by the moving party.  The

7    nonmoving party may not merely state that it will discredit the moving party's evidence

8    at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

9    *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

10   nonspecific statements in affidavits are not sufficient, and missing facts will not be

11   presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

12   **B.     RISA's motion**

13   RISA claims that its "[m]otion is very simple." Dkt. 228 at 1.  RISA, however,

14   confuses the issue of whether it can enforce its bylaws with the issue of how it enforces

15   its bylaws.  The issue of whether RISA can enforce its bylaws has been decided in

16   RISA's favor. *See* Dkt. 100.  In the instant motion, the issue is not whether RISA can

17   assess dues, because it can.  The issue is how much it may assess.  On this issue, RISA's

18   motion fails for at least two reasons.  First, RISA has failed to show that the specific

19   monthly amount of dues owed is anything more than an arbitrary amount fixed by

20   members of the board.  Although RISA asserts through the improperly filed

21   "supplemental declaration" that the dues help pay for services available to all residents,

22   RISA has failed to submit an accounting of these expenses.  Therefore, there is an issue

ORDER - 3

1    of fact as to the specific monthly dues owed by any member of RISA, let alone allegedly

2    "non-member" Plaintiffs.

3           Second, the bylaws require as assessment of fees for services rendered.  Dkt. 210

4    at 2–3.  It is undisputed that, subsequent to "withdrawing" from RISA, "Plaintiffs have

5    privately contracted for their water, sewer, and garbage services."  Dkt. 89 at 2.  RISA

6    has failed to show that they are entitled to judgment as a matter of law that, pursuant to

7    the wording of the bylaws, Plaintiffs are responsible for a uniform flat fee when they did

8    not receive at least some of the services offered to paying members of the community.

9    Moreover, some of Plaintiffs' claims of retaliation allege that RISA specifically told the

10    garbage service not to collect Plaintiffs' garbage.  Even if the garbage payment is

11    "community based," these factual allegations create questions of fact whether RISA was

12    the catalyst for Plaintiffs ordering their own services.  No interpretation of the bylaws

13    supports the proposition that Plaintiffs are financially responsible for services that RISA

14    prevented Plaintiffs from enjoying.  Therefore, RISA's motion must be denied because

15    questions of fact exist as to Plaintiffs' actual share of the required dues.

16                               **III. ORDER**

17           Therefore, it is hereby

18           **ORDERED** that RISA's motion for summary judgment (Dkt. 210) is **DENIED**.

19    Dated this 9th day of July, 2013.

20

21

22                                        BENJAMIN H. SETTLE
                                        United States District Judge