UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND T. BALVAGE, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>RYDERWOOD IMPROVEMENT AND SERVICE ASSOCIATION, INC.,<br><br>        Defendant. | CASE NO. C09-5409 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

    This matter comes before the Court on Defendant Ryderwood Improvement and Service Association, Inc.'s ("RISA") motion for reconsideration (Dkt. 233).

    On May 29, 2013, RISA filed a motion for summary judgment on *its* counterclaim for unpaid dues. Dkt. 210. On July 9, 2013, the Court denied the motion. Dkt. 232. On July 23, 2013, RISA filed a motion for reconsideration. Dkt. 233.

    Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the

prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, RISA moves for reconsideration under both theories. Dkt. 233 at 4. With regard to new facts or authority, everything provided to the Court in the instant motion could have been provided earlier with reasonable diligence. *See, e.g., id.* at 6 n. 5. Therefore, the Court denies the portion of motion that relies upon this theory (*id*. § IV-A). The Court also notes that the dispositive motion deadline has not passed and RISA is not precluded from filing a proper motion relying on these facts and authorities.

With regard to manifest error, RISA contends that the Court relied upon three unsupported assumptions. Dkt. 233 at 9. The Court disagrees. RISA contends that "[i]t is the Plaintiffs' burden to prove their claims, not RISA's burden to disprove them." Dkt. 233 at 2. While this statement is true, it is has no bearing on the current issue because RISA moved for summary judgment on *its* counterclaim and bears the burden of proof. *See* Dkt. 210. "[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense— *his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.*" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted; emphasis in original); *see also Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Although it is not the Court's job "to scour the record in search of a genuine issue of triable fact," *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996), the Court was familiar with some of the plaintiffs' retaliation allegations. *See* Dkt. 207.

ORDER - 2

There are numerous allegations that RISA intentionally prevented some plaintiff from receiving the benefits of being a member of the association. Dkt. 188, Declaration of Alicia B. Pierce, ¶ 10.[1] Based on these assertions, the Court is unable to conclude that no reasonable trier of fact would conclude that every plaintiff was responsible for every unpaid association dues when the association prevented plaintiffs from enjoying the benefit conferred by collection of the dues. Therefore, the Court **DENIES** RISA's motion for reconsideration.

**IT IS SO ORDERED**.

Dated this 24th day of July, 2013.

BENJAMIN H. SETTLE
United States District Judge

---

[1] The Court concedes that the evidence in its current form, discovery requests, is inadmissible, but the evidence could easily become admissible via declarations by the declarants or calling the declarant as a witness at trial.