Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND T. BALVAGE and DEBORAH ) 
A. BALVAGE, husband and wife, et al., ) NO.  3:09-cv-05409-BHS
  )
        Plaintiffs, ) DECLARATION OF CHARLES WEAVER
  ) IN OPPOSITION TO DEFENDANT'S
  vs. ) MOTION FOR SUMMARY JUDGMENT
  ) ON RETALIATION CLAIMS
RYDERWOOD IMPROVEMENT AND )
SERVICE ASSOCIATION, INC., a )
Washington non-profit corporation, )
  )
        Defendants. )

I, Charles Weaver, declare as follows:

1.      I am one of the plaintiffs in the above-captioned cause.  I make this declaration on personal knowledge, in opposition to defendant's motion for summary judgment on retaliation claims. I am competent to testify to the following facts.

2.      The people who ultimately became plaintiffs in this case began formally resigning their memberships in RISA in the late 2000's. These actions were taken in reliance on two things.  First, RISA had secured a legal opinion in 2000 in which RISA's counsel concluded that Ryderwood residents were free to resign their memberships in RISA and no longer be subject to RISA's bylaws.  A true copy of William T. Hillier's June 29, 2000, letter to RISA, and RISA's May 13, 2000, letter to Mr. Hillier, is attached as Exhibit 1.  Second, Judge Warning ruled that I

DECLARATION OF CHARLES WEAVER IN
SUPPORT OF RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT RE
UNPAID DUES - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1  and similarly situated residents of Ryderwood could withdraw from RISA in Weaver v. RISA,

2  Cowlitz County Cause No. 07-2-02001-3.  A true copy of the transcript of his March 11, 2009,

3  ruling is attached as Exhibit 2.

4       3.     Upon receiving the plaintiffs' notices of resignation, RISA stopped providing the

5  plaintiffs with garbage collection and other services.  RISA also changed the signage around

6  Ryderwood to limit access to the common areas to "RISA members only" and to state that there

7  was "no trespassing."

8       4.     Even though RISA was no longer providing any services to the plaintiffs, RISA

9  continued billing the plaintiffs for "dues."  In fact, RISA brought lawsuits in Cowlitz County

10  District Court against, first, Vern and Sharon Powell, and then against Mary Margaret Sommers.

11  Both of these lawsuits were stayed by the court, pending the resolution of the issues presented in

12  the case pending in this Court.  *See* Exhibits 3 and 4.

13       5.     Despite these court rulings and legal opinions, and the fact that RISA was not

14  providing any services to the resigned members, RISA continued to bill plaintiffs for dues and to

15  record liens against their property.  This happened both before and after the various resigned

16  members became plaintiffs in this litigation.  For example, plaintiffs Balvage were liened in

17  2010, and plaintiff Campbell was liened in March 2011.  RISA has continued to refuse to remove

18  these liens, after the plaintiffs became parties to this lawsuit, hampering or preventing any

19  plaintiff from being able to sell his or her property.  RISA's vindictive actions were in direct

20  retaliation against the plaintiffs, for asserting claims in this litigation.

21       6.     The plaintiffs firmly believe that these liens are invalid, as the bylaws of RISA do

22  not provide for unpaid charges to become liens against property of Ryderwood residents.  Even if

23  the bylaws are deemed enforceable against the plaintiffs, those bylaws do not give RISA lien

24  rights.  A true copy of RISA's bylaws is attached as Exhibit 5.

25

DECLARATION OF CHARLES WEAVER IN
SUPPORT OF RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT RE
UNPAID DUES - 2

1       7.    Thus, RISA has selectively recorded liens against the properties of persons who

2   are plaintiffs to this action, and has done so even though its bylaws contain no mechanism for its

3   claimed dues to become liens and despite the fact that RISA has not provided any services to the

4   plaintiffs that could form the basis for dues to become owing in any event.  This improper action

5   by RISA has resulted in the plaintiffs being unable to sell or refinance their properties, and in

6   other cases has resulted in plaintiffs having to pay invalid liens in order to be able to sell their

7   property.

8       8.    In addition to RISA's actions concerning the invalid liens, it continues to bill and

9   attempt to collect "dues" from the plaintiffs to this action at the same time it prevents the

10  plaintiffs from utilizing the common areas within Ryderwood.  Only the plaintiffs among

11  Ryderwood residents are pursued by RISA for dues allegedly owing, while at the same time

12  these same plaintiffs are not provided any services by RISA and are not allowed to access or use

13  common areas of Ryderwood.

14      9.    The most recent act of intimidation, in retaliation for plaintiffs being parties to

15  this action, occurred in connection with a September mediation held in Winlock with the

16  Honorable J. Kelley Arnold.  The mediation was to be attended by the plaintiffs, their counsel,

17  the RISA board of directors, and RISA's counsel.  Instead, the morning of the mediation dozens

18  of other RISA members descended upon the meeting hall.  They entered the meeting hall and

19  spread around the room, some taking chairs, and some standing behind the seated plaintiffs.

20  Because of this onslaught of persons improperly attempting to attend the mediation, the door to

21  the meeting hall was locked.  At that point another 20 to 30 RISA members attempted to enter

22  through the back kitchen door of the meeting hall.  When the kitchen staff locked that door, the

23  RISA members attempted to open the windows in the kitchen and access the hall through that

24  route.  Judge Arnold intervened at that point and required that the non-board members of RISA

25  leave the meeting hall.  After the mediation concluded, I saw plaintiff Jim Baker standing next to

DECLARATION OF CHARLES WEAVER IN
SUPPORT OF RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT RE
UNPAID DUES - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1   his truck, on the side of the roadway to the meeting hall.  He had a flat tire, and on inspection it

2   was obvious that the tire had been punctured with a knife or other sharp object.  This happened at

3   some point while the mediation was taking place, after the non-board RISA members had been

4   ordered to vacate the meeting hall.

5         I declare under penalty of perjury under the laws of the State of Washington that the

6   foregoing is true and correct.

7         DATED this ___ day of December, 2013, at Kelso, Washington.

8

9                           _____

10                           CHARLES WEAVER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF CHARLES WEAVER IN
SUPPORT OF RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT RE
UNPAID DUES - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Richard D. Ross
> Steven Goldstein
> Betts Patterson Mines
> 701 Pike Street, Suite 1400
> Seattle, WA  98101
> rross@bpmlaw.com
> sgoldstein@bpmlaw.com
> > Of Attorneys for Defendant

> Bob and Diane White
> 312 Jackson St.
> Ryderwood, WA 98581
> bobwhitehelps@gmail.com
> > Plaintiffs Pro Se

Dated:  December 2, 2013.

> HEURLIN, POTTER, JAHN, LEATHAM,
> HOLTMANN & STOKER, P.S.


> s/ Stephen G. Leatham
> Stephen G. Leatham, WSBA #15572
> E-mail:  sgl@hpl-law.com
> PO Box 611
> 211 E. McLoughlin Boulevard
> Vancouver, WA 98666-0611
> Telephone:  (360) 750-7547
> Fax:  (360) 750-7548
> > Of Attorneys for Certain Plaintiffs

DECLARATION OF CHARLES WEAVER IN
SUPPORT OF RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT RE
UNPAID DUES - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547