Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND T. BALVAGE and DEBORAH A. BALVAGE, husband and wife, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RYDERWOOD IMPROVEMENT AND SERVICE ASSOCIATION, INC., a Washington non-profit corporation,<br><br>Defendants. | NO. 3:09-cv-05409-BHS<br><br>PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE PUNITIVE DAMAGE CLAIMS<br><br>Noted for Consideration: January 10, 2014 |

## I. INTRODUCTION

Defendant's motion for summary judgment on plaintiffs' request for an award of punitive damages under 42 U.S.C. § 3613(c) should be denied because the motion asks the Court to prematurely decide the ultimate result in this case, and improperly requires the Court to view disputed facts and issues in the light most favorable to defendant, the moving party. Defendant also relies upon erroneous legal standards.

Plaintiffs are entitled to have the fact finder determine defendant's violation of the Fair Housing Act ("FHA"). If defendant is determined to have violated the FHA, then Congress has decreed that plaintiffs are entitled to punitive damages. There is no proper factual or legal basis for this determination to be taken from the jury at this stage of the case.

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE PUNITIVE DAMAGE CLAIMS - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

## II. DISCUSSION

42 U.S.C. § 3613(c)(1) provides the statutory basis for plaintiffs' punitive damage claim, declaring that:

> In a civil action under subsection (a) of this section, if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages….

To be determined at trial is whether defendant's 2007 "survey" was properly performed so as to entitle Ryderwood to operate as an "over 55" community, and thereby to be exempt from the anti-discrimination provisions of the FHA under the Housing for Older Persons ("HOPA") exemption (42 U.S.C. Sec. 3607). If the 2007 "survey" is determined to have been noncompliant with HOPA, then defendant has continued to illegally discriminate against persons under age 55 and has illegally acted so as to limit the persons to whom plaintiffs may seek to sell their homes. With that determination, plaintiffs are entitled to have the jury decide whether and in what amount punitive damages should be awarded against defendant.

Defendant's motion asks the Court to prejudge the validity of the 2007 survey. To take the issue of punitive damages from the jury, the Court must find that the 2007 survey was valid. It has already been held, however, that there are genuine issues of fact regarding that survey, as defendant acknowledges. Defendant's motion (Dkt. 249), at 5. Defendant's motion therefore fails.

**A. Standards for Awarding Punitive Damages.**

Throughout its motion, defendant misstates the standards which must be met to support an award of punitive damages under the FHA. Defendant claims that plaintiffs must show "malice", or "outrageous" or "egregious" conduct. These contentions are wrong.

What plaintiffs must show is merely that defendant failed to act to comply with HOPA, knowing that failing to comply placed defendant at risk of being in violation of the law. *See, e.g., Badami v. Flood*, 214 F.3d 994, 997 (8th Cir. 2000), *quoting Kolstad v. American Dental*

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE PUNITIVE DAMAGE CLAIMS - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1  *Assoc.*, 527 U.S. 526, 536 (1999) ("….it is sufficient that a defendant 'discriminate in the face of
2  a perceived risk that its actions will violate federal law to be liable in punitive damages.'").  *See*
3  *also Quigley v. Winter*, 598 F.3d 938, 953 (8th Cir. 2010).  Indeed, directly contrary to
4  defendant's assertions, the Supreme Court has declared that Title VII "does not require a
5  showing of egregious or outrageous discrimination…".  *Kolstad*, 527 U.S. at 535.

6  Moreover, it is sufficient that defendant simply failed to act to comply with the law.  *See,*
7  *e.g., Southern California Housing Rights Center v. Krug*, 564 F.Supp.2d 1138, 1153 (C.D. Cal.
8  2007) ("…punitive damages may be awarded where the owner ignored its duties under the law
9  or otherwise engaged in 'knowledgeable inaction'.").

10  Thus, rather than showing some sort of outrageous or egregious conduct, plaintiffs
11  merely need to show that defendant was aware of the HOPA requirements and failed to act
12  properly to comply with its obligations under the law.

13  **B.  Defendant Was Well Aware of its Duties to Comply with HOPA.**

14  Defendant has been on notice for years of its need to complete proper surveys and
15  otherwise act so as to comply with the HOPA requirements.  In 2005, defendant was served with
16  a subpoena duces tecum in the "Bichler" lawsuit, in which it was asked to produce its documents
17  regarding HOPA compliance.  *Leatham Declaration, Exh. 1, Charles Weaver Deposition,*
18  *July 16, 2010, at 24-29.*  Even then, defendant did not act to attempt to become HOPA-compliant
19  until it was advised in no uncertain terms to do so by its attorney in early 2006.  *See Weaver*
20  *Declaration, Exh. 1*.

21  Defendant's then counsel informed RISA:

22  "**For the last fifty years, RISA has engaged in blatant discrimination against
23  individuals on the basis of age and family affiliation…. Either Ryderwood
    and RISA comply with [HOPA] or they are probably liable for violations of
24  both state and federal law for attempting to bar families and single
    individuals under the age of 55 from buying in Ryderwood.**"  *Id.* (Emphasis
25  added).

PLAINTIFFS' OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT RE PUNITIVE DAMAGE
CLAIMS - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Before 2006, defendant had <u>never</u> done <u>anything</u> to attempt to comply with the law. *Weaver Declaration.* This inaction was despite have been made aware of its obligations in the early 1990's via correspondence with HUD. *Id.,* Exh's 2, 3. It is ludicrous for defendant to assert that it has always believed it was compliant with HOPA, and that it has always operated in good faith. Defendant has discriminated for decades, and still discriminates, period. It is only allowed to discriminate lawfully if it complies with HOPA.

The question is not defendant's good faith, its intentions, or its flawed attempts to comply with the law. The question is whether defendant in fact complied with the requirements of HOPA. That question will be resolved at trial. When defendant finally took steps to attempt to comply, its efforts were woefully inadequate, and plaintiffs intend to prove at trial that the 2007 "survey" was insufficient to qualify Ryderwood for the HOPA exemption. Should plaintiffs prevail on this issue, they will be entitled to an award of punitive damages. Again, since this issue has not been decided, defendant's motion is premature and cannot be granted.

**C. Plaintiffs' Damages are not Germane to This Motion.**

Defendant again asks the Court to prejudge this case by asserting that the plaintiffs have not suffered harm or damages. The court record is replete with submissions from the plaintiffs regarding their claimed damages, largely resulting from the "conundrum" in which they find themselves regarding their inability to sell their properties and move from Ryderwood. For purposes of this motion, it must be assumed that plaintiffs have in fact suffered these damages.

Regardless, the extent of plaintiffs' damages is irrelevant to the availability of punitive damages. It is the fact of discrimination itself that matters. *See, e.g., Alexander v. Riga*, 208 F.3d 419, 424 (3d Cir. 2000) ("…in a case alleging discrimination under the Fair Housing Act the discrimination itself is the harm…."). Where discrimination is found, the question of punitive damages should be decided by the jury. *Id.*

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE PUNITIVE DAMAGE CLAIMS - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Moreover, punitive damages may "beyond a doubt" be awarded, even where no actual or nominal damages are awarded. *Id.* at 430. Defendant's argument that plaintiffs have suffered no damage is irrelevant to this motion.

Defendant's motion should be denied so as to allow the jury to decide plaintiffs' actual damages and defendant's liability for punitive damages.

**D.  Defendant's Lengthy History of Noncompliance is Relevant.**

Defendant next asserts that its conduct outside the statute of limitations period may not be considered when the jury evaluates whether to award punitive damages. Defendant is wrong. Even if damages may not be awarded as a direct result of prior conduct, the conduct is still relevant to the amount of damages recoverable. *See Lenihan v. Boeing Co.*, 994 F. Supp. 776, 787 (S.D. Tex. 1998):

> Any act occurring outside the applicable filing period "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

Defendant has illegally discriminated since its inception, and plaintiffs contend that it continues to do so. If it is determined that the 2007 survey was inadequate or that defendant otherwise failed to become HOPA-compliant in 2007 or after, it is perfectly fair and reasonable for defendant to be held liable for punitive damages. And it is reasonable and correct that the jury hear the full story of defendant's history. Again, defendant's intent is irrelevant. If defendant is not compliant, it is continuing to discriminate illegally.[1]

---

[1] Plaintiffs will address defendant's "remedial purpose" argument *(Defendant's Motion, at 12-13)* only to say that it is a matter of argument for the jury. This argument has no bearing on the present motion. If defendant still is not HOPA-compliant, despite the stern advice of counsel 8 years ago, a punitive damages award would obviously serve to encourage defendant to comply with its obligations under the law.

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE PUNITIVE DAMAGE CLAIMS - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## II.  CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment should be denied.

DATED this 6th day of January, 2014.

        HEURLIN, POTTER, JAHN, LEATHAM,
        HOLTMANN & STOKER, P.S.


        *s/ Stephen G. Leatham*
        Stephen G. Leatham, WSBA #15572
        E-mail:  sgl@hpl-law.com
        PO Box 611
        211 E. McLoughlin Boulevard
        Vancouver, WA 98666-0611
        Telephone:  (360) 750-7547
        Fax:  (360) 750-7548
        Of Attorneys for Certain Plaintiffs

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE PUNITIVE DAMAGE CLAIMS - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard D. Ross
Steven Goldstein
Betts Patterson Mines
701 Pike Street, Suite 1400
Seattle, WA 98101
rross@bpmlaw.com
sgoldstein@bpmlaw.com
   Of Attorneys for Defendant

Bob and Diane White
312 Jackson St.
Ryderwood, WA 98581
bobwhitehelps@gmail.com
   Plaintiffs Pro Se

Dated: January 6, 2013.

HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.


*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
E-mail: sgl@hpl-law.com
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone: (360) 750-7547
Fax: (360) 750-7548
Of Attorneys for Certain Plaintiffs

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE PUNITIVE DAMAGE CLAIMS - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547